**Gloria Renee WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1287–94, 1288–94.

Court of Criminal Appeals of Texas, En Banc.

May 29, 1996.

Ross Teter, Dallas, for appellant.

Kimberly Schaefer, Asst. Dist. Atty., Dallas, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

MEYERS, Judge.

On April 15, 1987, in exchange for a recommendation from the prosecuting attorney that the trial judge "defer further proceedings without entering an adjudication of guilt, and place [her] on probation," appellant pled guilty to an indictment charging her with forgery. Tex.Code Crim.Proc. art. 42.12, § 3d(a), as amended through the 69th Legislature. Finding that the evidence substantiated appellant's guilt and that the best interests of society and appellant would be served thereby, the trial judge then placed appellant on probation, as recommended by the prosecutor, without adjudicating her guilty of the charged offense. But within a year, appellant violated the conditions of her probation, and the prosecutor filed a motion with the court to proceed with an adjudication of guilt. For reasons which are not entirely clear from the record, appellant was not brought before the court to answer this motion until more than four years later. When she finally did appear, she pled true to the allegations, this time without securing any recommendation from the prosecuting attorney concerning disposition of the case. On the basis of this plea the trial judge then proceeded to adjudicate her guilty of the original forgery charge and sentenced her to confinement in the penitentiary for ten years.

On appeal appellant complained that she was punished without due course of law because the trial judge decided to give her a ten-year sentence before even adjudicating her guilty. Tex. Const. art. I, § 19. The State argued, however, that the appellate court should dismiss the appeal for want of jurisdiction on the ground that appellant's notice of appeal did not comply with Texas Rule of Appellate Procedure 40 because it failed to recite that "the trial judge granted permission to appeal" or that the errors assigned on appeal "were raised by written motion and ruled on before trial." Tex. R.App.Proc. 40(b)(1). The Eighth Court of Appeals, relying on our opinion in *Ex parte Hernandez*, 705 S.W.2d 700 (Tex.Crim.App. 1986), overruled the State's jurisdictional claim, holding that because "the order defer-

ring adjudication did not assess punishment and Appellant did not enter into a plea bargain as to the punishment ultimately assessed upon adjudication," the scope of her appeal was not limited by Rule 40(b)(1). *Watson v. State,* 884 S.W.2d 836, 837 (Tex. Crim.App.1994). With respect to the merits of appellant's due-course-of-law complaint, the Court of Appeals then reversed the trial court's judgment and remanded for a new punishment hearing. *Id.* at 838–39.

On discretionary review the State now contests only the first of these decisions, insisting that the Eighth Court of Appeals erred to exercise its jurisdiction in this case absent a legally acceptable notice of appeal. Specifically, the State argues that, because a defendant may now appeal from a deferred adjudication order, and because it is clear that the legislature now regards deferred adjudication as a form of punishment in the context of negotiated pleas, the relevant statutory conditions under which *Hernandez* was decided have materially changed. We granted review to reconsider *Hernandez* in light of these changes.

Deferred adjudication has long been the subject of plea bargaining in Texas. Prosecutors and defense lawyers have found that they can settle more cases without the necessity of a trial if they consider conditioning a defendant's plea of guilty or nolo contendere on a recommendation that he be placed on probation without an adjudication of guilt. But, although the availability of this option has been useful during plea negotiations, it has raised difficult problems at later stages of the criminal prosecution.

■ When the Legislature first implemented deferred adjudication it did not expressly authorize the appeal of orders placing defendants on probation without an adjudication of guilt. This was a significant omission, since the right to appeal does not exist at all unless authorized by statute. *Ex parte Paprskar,* 573 S.W.2d 525, 528 (Tex.Crim.App.1978). Of course, the legislature has long expressly permitted appeals from convictions in criminal cases. Tex.Code Crim.Proc. art. 44.02. But, because a deferred adjudication order was, by its very terms, not a conviction, it could not be appealed under authority of that general statute. *See McDougal v. State,* 610 S.W.2d 509 (Tex.Crim.App.1981). Accordingly, a defendant who pled guilty in exchange for a recommendation that he be allowed to avoid conviction altogether by successfully completing a period of community supervision effectively lost the right to complain on appeal about errors affecting the legality of the order deferring an adjudication of his guilt and placing him on probation.

If, however, he was later found to have violated the conditions of his probation and the trial court decided to proceed immediately with an adjudication of his guilt, he could then appeal his conviction under the general statutory right to appeal in criminal cases. But, because deferred adjudication is only available to defendants who plead guilty or nolo contendere, there are certain statutory restrictions on the right of appeal from a conviction which necessarily affect all persons who fail successfully to complete their probationary period under a deferred adjudication order. Any defendant who has been convicted on his plea of guilty or nolo contendere and whose punishment has been assessed by the trial judge in accordance with a recommendation of the prosecuting attorney may only complain on appeal of those matters allowed by the trial judge or "raised by written motion filed prior to trial." Tex. Code Crim.Proc. art. 44.02, as amended through the 69th Legislature. *See now* Tex. R.App.Proc. 40(b)(1).

■ The question therefore soon arose whether a defendant's right to appeal from a criminal conviction might be restricted on account of an earlier recommendation by the prosecutor that he be placed on probation without an adjudication of guilt. In 1986 we held that, because "an order conforming with plea bargain for deferred adjudication is not an appealable order and does not assess punishment," any appeal from a subsequent judgment of conviction in the case is not restricted by the prosecutor's earlier recommendation of deferred adjudication. *Hernandez,* 705 S.W.2d at 703. In 1987, however, the conditions upon which we based that conclusion changed when the legislature add-

ed article 44.01(j) to the Code of Criminal Procedure, providing in part that an appeal "may be prosecuted by the defendant where the punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code," the deferred adjudication statute. *See* Acts 1987, 70th Leg., ch. 382, § 1. We have held that the effect of this statute is to make deferred adjudication orders appealable and, by implication, to restrict such appeals as prescribed by Rule 40(b)(1). *Dillehey v. State*, 815 S.W.2d 623 (Tex.Crim.App. 1991).

Thus, the basic rationale of our opinion in *Hernandez* has been undercut by subsequent changes in the statutory law, and there is every reason to believe that it was undercut deliberately. A significant advantage of plea bargaining, at least in Texas, is that appellate review of disputed legal issues can be expedited by exchanging a plea of guilty for a punishment recommendation. Substantial judicial resources are thereby conserved because the State can secure an acceptable disposition of pending criminal cases and the defendant can obtain expeditious appellate review of contested legal matters without the necessity of a full adversarial trial.

The law in effect when *Hernandez* was decided reduced the desirability of deferred adjudication as a plea bargaining option in this process because appellate review was necessarily delayed in such cases until the trial court proceeded with an adjudication of guilt, often many years later. By providing that an order of deferred adjudication may henceforth be regarded as punishment for purposes of plea negotiations and by authorizing immediate appeal from deferred adjudication orders, the legislature opted to make the consequences of plea bargains for deferred adjudication equal to those involving other punishment recommendations. Attorneys for the defendant and for the State may now bargain for deferred adjudication, just as for any other disposition, confident on the one hand that an appeal may be taken immediately from any ensuing order or judgment in the case, and on the other hand that any such appeal will be limited to matters which the trial judge allows, to pretrial motions, and to jurisdictional defects.

■ By the express terms of rule 40(b)(1) (formerly article 44.02), these restrictions on the right to appeal apply only "if the judgment was rendered upon [a] plea of guilty or nolo contendere and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney[.]" Because it is clear that the judgment of conviction against appellant in the instant cause was rendered upon her plea of guilty and that the punishment recommended in exchange for her plea was a deferred adjudication order placing her on probation, the only remaining question is whether the assessment of ten years confinement following her conviction exceeded the punishment to which she, her attorney, and the prosecutor agreed. We hold that it did not.

■ Although the term of years ultimately assessed against appellant in this case may not have been fixed by the plea bargain, we think it to be a reasonable interpretation of plea agreements such as the one involved here that, when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law. That is because a defendant who trades a plea of guilty or nolo contendere for a recommendation by the prosecutor that a judgment of guilt be delayed while he serves a period of community supervision necessarily accepts, at least in the absence of some express agreement to the contrary, that the prosecutor is making no recommendation at all concerning the term of years he may be required to serve if his probation is later revoked and the trial court proceeds to adjudicate him guilty of the charged offense.

In the instant cause, while it is true that the prosecutor did not recommend appellant be punished with ten years in the penitentiary should the trial court later enter a judgment of conviction in her case, the punishment of ten years actually assessed against her when her probation was revoked did not amount to refusal by the trial judge to implement the plea bargain. What the prosecutor

recommended, and what appellant did in fact receive, was probation under a deferred adjudication order. Only if the prosecutor had also recommended that a period of incarceration less that ten years be imposed upon conviction could it reasonably be said that the ten-year term ultimately assessed in this case exceeded the punishment recommendation given in exchange for appellant's guilty plea.

For these reasons, the Eighth Court of Appeals erred to reach the merits of nonjurisdictional complaints raised by appellant without permission of the trial judge or benefit of a written motion filed before trial. *Lyon v. State,* 872 S.W.2d 732 (Tex.Crim. App.1994); *Davis v. State,* 870 S.W.2d 43 (Tex.Crim.App.1994). Accordingly, the State's ground for review is sustained, the judgment of the lower appellate court is reversed, and the appeal in this cause is ordered to be dismissed.

CLINTON, Judge, dissenting on state's petition for discretionary review.

The majority represents that in *Dillehey v. State,* 815 S.W.2d 623 (Tex.Cr.App.1991), we held that the effect of promulgation of Article 44.01(j), V.A.C.C.P. was "to make deferred adjudication orders appealable and, by implication, to restrict such appeals as prescribed by [Tex.R.App.Pro.,] Rule 40(b)(1)." Slip op. at 4. It is clearly accurate to say that *Dillehey* held that an order placing a defendant on deferred adjudication under current Article 42.12, § 5, V.A.C.C.P. is now appealable,[1] though we had previously held it was not. See *McDougal v. State,* 610 S.W.2d 509 (Tex. Cr.App.1981). But if the majority is suggesting there is some "implication" in *Dillehey* that an appeal of an order placing the defendant on deferred adjudication is subject to the restrictions of the proviso in Rule 40(b)(1), I cannot agree. The notion, advanced by the State and uncritically accepted

today by the majority, is that in light of Article 44.01(j), a prosecutorial recommendation of deferred adjudication made in exchange for a plea of guilty or nolo contendere now constitutes *"punishment recommended"* by the prosecutor for purposes of the proviso of Rule 40(b)(1), notwithstanding our holding to the contrary in *Ex parte Hernandez,* 705 S.W.2d 700 (Tex.Cr.App.1986). But Article 44.01(j) does not clearly say so, and I believe that to read that "implication" into it creates conflict with other statutory provisions governing deferred adjudication, and threatens the constitutionality of the entire deferred adjudication scheme. I dissent.

In *Ex parte Hernandez,* supra, we were presented with essentially the same issue we face today, *viz:* whether the fact that an accused obtains a recommendation of deferred adjudication in exchange for a plea of guilty or nolo contendere subjects him to the requirements of the proviso of former Article 44.02, V.A.C.C.P., now recodified in Rule 40(b)(1). The convicting court had made a recommended conclusion of law that because Hernandez had bargained for deferred adjudication, but had not obtained the permission of the court to appeal, he had no right to appeal when his deferred adjudication probation was revoked and he was subsequently convicted. We rejected this legal conclusion. First we noted that, in the express contemplation of former Article 42.12, § 3d(b), now § 5(b), any "assessment of punishment" in deferred adjudication can occur only "[a]fter an adjudication of guilt." *Id.,* at 702. We held that a trial court that places an accused on deferred adjudication probation does not "assess punishment" under the terms of former Article 44.02 because the trial court has not yet "convicted" him. Moreover, the trial court does not assess punishment, consistent with Article 37.07, § 3, V.A.C.C.P., until "after a finding of guilty." Of course, an accused who has been placed on deferred adju-

---

1. Of course, strictly speaking, it is not the order itself placing an accused on deferred adjudication probation that is appealable under Article 44.01(j), but rulings on some "legitimate pretrial issue where ... the court has ruled on the admissibility of some evidence or some other matter that either or both parties feels may have been dispositive of the case[.]" *Dillehey v. State,* supra, at 625, quoting Senator Washington on the Senate Floor advocating adoption of an amendment to Senate Bill 762 that ultimately became Article 44.01(j). What Article 44.01(j) essentially provides is an interlocutory appeal of such matters upon the entry of an order placing the accused on deferred adjudication probation.

dication probation has been neither convicted nor found guilty. Accordingly, we concluded:

"Article 44.02 contemplates an appeal after assessment of punishment and 'sentencing.' The proviso bars a defendant from prosecuting an appeal 'who has been *convicted* [upon plea of guilty or nolo contendere before the court] and the court *assesses punishment* [that] does not exceed [what is] recommended by the prosecutor and agreed to by the defendant and his attorney'—except as provided. Since an order conforming with plea bargain for deferred adjudication is not an appealable order and does not assess punishment within the meaning of Article 37.07, § 3(a) and (d), and within contemplation of Article 44.02, it follows that a defendant is not precluded from prosecuting an appeal after adjudication of guilt, judgment and sentencing merely because he initially bargained for deferred adjudication...."

*Id.,* at 703 (emphasis supplied in *Hernandez*). For all these reasons we determined that placing an accused on deferred adjudication probation does not constitute "punishing" him, and his having bargained for that disposition does not later subject him, upon revocation of deferred adjudication probation and subsequent conviction, to the limitations on appeal contained in the proviso to former Article 44.02.

The State argues that two subsequent events have combined to make our conclusion in *Hernandez* obsolete. First, of course, our opinion in *Dillehey* ruled that an accused may appeal an order placing him on deferred adjudication. Therefore, to the extent that the rationale in *Hernandez* is grounded upon the fact that "an order conforming with plea bargain for deferred adjudication is not an appealable order[,]" it is no longer viable.

Second, and more to the point, the State argues that with the promulgation of Article 44.01(j), we cannot fairly adhere to our conclusion that deferred adjudication probation is not "punishment." After all, Article 44.01(j) expressly permits an appeal "where the *punishment* assessed is in accordance with" the deferred adjudication provisions of Article 42.12.[2] The suggestion is that the Legislature now considers an order placing an accused on deferred adjudication probation to comprise an "assessment of punishment," and that any appeal from that order should therefore be subject to the strictures of the Rule 40(b)(1) proviso if it was bargained for. That the Legislature regards deferred adjudication probation as a species of "punishment" is underscored, the State maintains, by the fact that in 1993 it amended Article 42.12, § 5(a) so that it now expressly permits, contrary to prior decisional law, see *Ex parte Shillings,* 641 S.W.2d 538 (Tex.Cr.App.1982), the assessment of a term of confinement as a condition of deferred adjudication probation. Acts 1993, 73rd Leg., ch. 900, § 4.01, p. 3719, eff. Sept. 1, 1993.

Neither of these events convinces me that we should abandon the holding of *Hernandez*. It is true that after *Dillehey* an order of deferred adjudication probation is now itself appealable. This only means that the question now arises whether the proviso in Rule 40(b)(1) will apply to such an interlocutory appeal. But it does not answer that question either way,[3] much less does it resolve the related question whether an appeal following revocation of deferred adjudication probation and entry of a judgment of conviction is also subject to the Rule 40(b)(1) proviso. Only if the State is correct in its asser-

---

**2.** All emphasis supplied unless otherwise indicated.

**3.** I am inclined to think an appeal from an order imposing deferred adjudication probation is not subject to the Rule 40(b)(1) proviso, at least on the basis of the language of the proviso itself. The rule states that notice of appeal shall be sufficient if it demonstrates the accused's desire to appeal from "the judgment *or other appealable order.*" By contrast, the proviso begins: "but if the *judgment* was rendered...." Naturally,

when an accused takes his (essentially interlocutory) appeal from an order imposing deferred adjudication probation pursuant to Article 44.01(j), there is only an "appealable order," not a judgment. Because on its face the proviso does not embrace a mere "appealable order," I presume the notice of appeal requirements contained therein do not apply to any "appealable order" less than a full-blown judgment. This is true whether or not the Legislature considers deferred adjudication probation to be "punishment assessed."

tion that deferred adjudication probation now constitutes "punishment assessed" can we conclude that the proviso applies, and to that issue I accordingly turn.

True enough, Article 44.01(j) now grants the accused the right to immediately prosecute an appeal "where the punishment assessed is in accordance with" the provision of Article 42.12 that authorizes deferred adjudication probation. But I regard this as no more than an unfortunate and misleading conveyance of the relatively simple notion that an accused may take an interlocutory appeal from an order placing him on deferred adjudication probation, notwithstanding the fact that he has not actually suffered a judgment of conviction against him, and hence has not had any "punishment assessed." See *Dillehey,* supra, at 624–25. I cannot imagine the Legislature meant somehow to abrogate other bedrock provisions of the Code of Criminal Procedure, invoked in *Ex parte Hernandez,* supra, that clearly indicate "punishment" is not imposed under any circumstances until "after a finding of guilty[,]" Article 37.07, §§ 2(b) & 3, supra, and, specifically in the context of deferred adjudication, until "[a]fter an adjudication of guilt[,]" Article 42.12, § 5(b), supra. We should not construe the Legislature's error in describing deferred adjudication as "punishment assessed" in Article 44.01(j) to undo the import of the overall statutory scheme in one fell swoop.

Moreover, if we regard deferred adjudication probation to be a form of "punishment," we call into question the constitutionality of the entire deferred adjudication scheme. After all, it has been called "axiomatic" that to punish an accused before a formal adjudication of guilt violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Ex parte Green,* 688 S.W.2d 555 (Tex.Cr.App.1985), quoting *Schall v. Martin,* 467 U.S. 253, 269, 104 S.Ct. 2403, 2412, 81 L.Ed.2d 207, 220 (1984), which relied in turn upon *Bell v. Wolfish,* 441 U.S. 520, 535, n. 16, 99 S.Ct. 1861, 1872, n. 16, 60 L.Ed.2d 447, 466, n. 16 (1979). I have no doubt we would hold it also violates due course of law under Article I, § 19 of the Texas Constitution. To the extent that the

1993 amendment to Article 42.12, § 5(a), now allowing confinement as a condition of deferred adjudication probation, was specifically meant to render it "punitive," it suffers the same constitutional deficiencies.

The Court prefers to glean a legislative intent from the unfortunate choice of language in Article 44.01(j) that is seriously, and in all likelihood, fatally, at odds with an otherwise integral, and historically functional, scheme for implementing deferred adjudication in Texas. Rather than risk such disruption in the law, I would adhere to our opinion in *Hernandez,* and continue to hold that an appeal from a conviction following revocation of deferred adjudication probation is not subject to the proviso in Rule 40(b)(1), leastwise not on account of the fact that the deferred adjudication probation itself was the product of a plea bargain. Because the Court insists on holding otherwise, I dissent.

BAIRD and MALONEY, JJ., join.

OVERSTREET, Judge, dissenting on state's petitions for discretionary review.

Appellant was convicted of two counts of forgery in two separate indictments and the trial court assessed punishment at ten years confinement and a $500 fine for each offense. The Court of Appeals reversed and remanded for a new punishment hearing. *Watson v. State,* 884 S.W.2d 836 (Tex.App.—El Paso 1994) and *Watson v. State,* No. 08–92–00224–CR (Tex.App.—El Paso 1994). We granted the State's petitions for discretionary review to consider whether a general notice of appeal confers jurisdiction upon a court of appeals to review a conviction based upon a plea agreement in which a defendant received deferred adjudication probation and was later adjudicated and sentenced upon that initial plea of guilty.

Appellant entered a plea of guilty to two charges of passing a forged check in violation of V.T.C.A. Penal Code, § 32.21(a)(1)(B). Pursuant to a plea agreement, the trial court deferred adjudication and placed Appellant on three years probation. The State filed a motion to adjudicate. In March, 1992, Appellant entered a plea of true to the State's allegations and was sentenced by the trial

court. Appellant appealed the sentence imposed, contending that the trial court violated her right to due course of law by prejudging her sentence. The State responded that the Court of Appeals was without jurisdiction to even consider Appellant's appeal because she did not file a notice of appeal which complied with Tex.R.App.Pro. 40(b)(1). The Court of Appeals rejected the State's argument and determined that the trial court assessed Appellant's punishment, not based upon the evidence adduced at the adjudication hearing or after considering the full range of punishment, but rather with a prejudged sentence. The Court of Appeals concluded that this violated Appellant's right to due course of law, reversed the decision of the trial court and remanded for a new punishment hearing.

Pivotal in the Court of Appeals' decision was its conclusion that the notice requirements of Tex.R.App.Pro. 40(b)(1) did not apply.[1] The Court of Appeals reached this conclusion by finding that the original order deferring adjudication did not assess punishment. The Court of Appeals also noted no plea bargain existed at the time guilt was adjudicated, when punishment was actually assessed. *Watson,* 884 S.W.2d at 837; and *Watson,* slip op. at 2. Relying on this Court's opinion in *Ex parte Hernandez,* 705 S.W.2d 700 (Tex.Cr.App.1986), the court concluded that Appellant's appeal was not governed by Rule 40(b)(1), but rather by the rule announced in *Helms v. State,* 484 S.W.2d 925 (Tex.Cr.App.1972) (declaring all non-jurisdictional defects are waived where the conviction is obtained by a voluntarily entered

guilty plea). The Court of Appeals then reasoned that Appellant's complaint referred to the manner in which punishment was assessed, which occurred *after* adjudication of guilt. Therefore, her appeal was not barred by the *Helms* rule. *Watson,* 884 S.W.2d at 838, *citing Jack v. State,* 871 S.W.2d 741 (Tex.Cr.App.1994) (holding plea of guilty without an agreed recommendation on punishment does not waive right to appellate review of non-jurisdictional issues arising subsequent to entry of the guilty plea); and *Watson,* slip op. at 2.

The State's question for review asks:

Whether a general notice of appeal invests the court of appeals with jurisdiction to review a conviction based upon a plea agreement pursuant to which the defendant received deferred adjudication probation, but who was later adjudicated and sentenced upon that plea of guilty to a term of years without plea agreement[?]

The majority agrees with the State's contention that continued reliance upon *Hernandez* is in error. The State notes that this Court held in *Hernandez* that Rule 40(b)(1) did not apply to an appeal from a negotiated plea which resulted in deferred adjudication because an order deferring adjudication was not appealable and was not considered punishment. The State observes that a defendant now has the right to appeal from an order deferring adjudication at the time the order is entered. Article 44.01(j), V.A.C.C.P.;[2] *Dillehey v. State,* 815 S.W.2d 623 (Tex.Cr.App.1991). The State points out,

---

**1.** Tex.R.App.Pro. 40(b)(1) provides in pertinent part:

(1) Appeal is perfected in a criminal case by giving timely notice of appeal.... Notice of appeal shall be given in writing with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order, but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state

that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

**2.** Art. 44.01(j) provides:

Nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 [now Tex.R.App.Pro. 40(b)(1)] of this code. The defendant's right to appeal under Article 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with Subsection (a), Section 3d [now Section 5], Article 42.12 of this code, as well as any other punishment assessed in compliance with Article 44.02 of this code.

and the majority agrees [3], that Art. 44.01(j) refers to adjudication as punishment, and that this Court's holding in *Dillehey* implicitly holds that deferred adjudication is punishment by holding that such orders are appealable, thus undermining the rationale used in *Hernandez*. It adds that when *Hernandez* was decided, confinement was not one of the permitted probationary conditions of deferred adjudication, but in 1989, Article 42.12, § 5, V.A.C.C.P.,[4] was amended to allow confinement as a condition of deferred adjudication. The State argues that these three events abrogate the rule announced in *Hernandez*, and that Tex.R.App.Pro. 40(b)(1) applies in the instant case. The State therefore concludes that because Appellant failed to comply with the notice requirements of Rule 40(b)(1), the Eighth Court of Appeals was authorized to consider jurisdictional defects only. *See Lyon v. State*, 872 S.W.2d 732 (Tex.Cr.App.1994); and *Davis v. State*, 870 S.W.2d 43 (Tex.Cr.App.1994).

The majority holds that the Eighth Court of Appeals erred in reaching the merits of nonjurisdictional complaints raised by appellant. *See* majority opinion at 715. The majority is mistaken that *Hernandez* has no continued use or effect on appeals arising from proceedings occurring after adjudication of guilt. Despite the enactment of Art. 44.01(j) and amendments to Art. 42.12, which refer to deferred adjudication as punishment and allow confinement as a condition thereof, the "punishment" in a deferred adjudication order is still different than that imposed by a regular order of probation after a plea of guilty or nolo contendere. When a defendant is placed on deferred adjudication probation, a judgment of guilt is not entered and sentence is not imposed. Rather,

[t]he course of developments in a criminal action has been temporarily stilled and the accused has been permitted an opportunity to demonstrate his capacity for prescribed good behavior during a specified period. If he succeeds the movement is reversed and disappears; however, should he fail, the movement in a criminal action continues with the normal incidents of trial.

*Hernandez*, 705 S.W.2d at 702, *citing McIntyre v. State*, 587 S.W.2d 413 (Tex.Cr.App. 1979); *see also* Art. 42.12, § 5(c). Thus, the distinction made between punishment imposed after a plea of guilty where probation is ordered, and the "punishment" imposed where probation is ordered but adjudication of guilt is deferred is still significant.

With the enactment of Art. 44.01(j), defendants were given the right to appeal from an order deferring adjudication. *Dillehey*, 815 S.W.2d at 626. At first glance, this too seems to undermine the rationale of *Hernandez*. However, even a cursory reading of *Dillehey* reveals that its scope is limited to an inspection of the legislative intent enacting 44.01(j), and the Legislature's design to allow defendants placed on deferred adjudication probation the opportunity to immediately appeal rulings on pretrial motions which were filed and appealed in compliance with Art. 44.02 [now Rule 40(b)(1) ]. *Id.*, at 624–626. *Dillehey* does not purport to limit or otherwise speak to a defendant's right to complain of errors which occur after adjudication of guilt; nor does the express language of Rule 40(b)(1).

The notice requirement of Rule 40(b)(1) applies to non-jurisdictional defects which occurred prior to entry of a plea if permission is granted by the trial court, or if the matters were raised by written motion and ruled upon before entry of the plea. This language has not changed, and *Hernandez* is still sound. A defendant is not precluded from prosecuting an appeal after adjudication of guilt, judgment and sentencing, merely because he initially bargained for deferred ad-

---

3. *See* majority opinion at 714.

4. Tex.Code Crim.Pro. Article, 42.12, § 5(b) provides in pertinent part:

    On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

judication some time earlier. As such, the Court of Appeals did not err in relying upon this Court's decision in *Hernandez*.

Furthermore, because there was no plea agreement entered when the trial court proceeded to adjudication of guilt, Appellant was not required to comply with Rule 40(b)(1).[5] Therefore, the Court of Appeals did not exceed its jurisdiction in considering Appellant's appeal and denying the State's motion to dismiss the appeal. The decision of the Court of Appeals should therefore be affirmed.[6] Because the majority does not do so I respectfully dissent.

BAIRD, J., joins.

---

5. I note that the existence of a second plea agreement after adjudication of guilt with respect to punishment to be assessed may result in the application of Rule 40(b)(1) and the imposition of its notice requirements. *See Hernandez*, 705 S.W.2d at 703. As there is no indication of a second plea agreement, we need not address that issue today.

6. The State did not raise the issue of whether Appellant received a prejudged sentence upon adjudication, therefore we can not reach that issue here.