S4/309

**Dismissed, Order issued October 24, 1996**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-92-00030-CR
NO. 05-92-00031-CR
NO. 05-92-00032-CR

**BRANDON DEMETRIUS NASH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

## OPINION AND ORDER

Before Chief Justice Thomas and Justices Maloney and Hankinson

Brandon Demetrius Nash appeals his convictions for possession of less than twenty-eight grams of cocaine, aggravated assault, and aggravated robbery. In each case, appellant pleaded guilty as part of a plea bargain agreement and was placed on deferred adjudication probation for ten years and fined $750. Subsequently, the State filed a motion to adjudicate guilt in each case. The trial court revoked appellant's probation and adjudicated him guilty. In the drug offense, punishment was assessed at ten years in prison and a $750 fine; in the remaining two cases, punishment was assessed at five years in prison and fines of $300 and

$750. Appellant filed notices of appeal in each case.

In his briefs, appellant concedes this Court has no jurisdiction pursuant to rule 40(b)(1) of the Texas Rules of Appellate Procedure.

Rule 40(b)(1) provides:

> [I]f the judgment was rendered upon [an appellant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

Tex. R. App. P. 40(b)(1). A general notice of appeal does not confer jurisdiction upon this Court to consider nonjurisdictional issues. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim. App.), *cert. denied*, 114. S. Ct. 2684 (1994). Rule 40(b)(1) applies to cases in which appellant is placed on deferred adjudication probation pursuant to a plea agreement and the probation is subsequently revoked and appellant adjudicated guilty. *Watson v. State*, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996). The fact that the term of confinement imposed following adjudication of guilt was not recommended by the State does not amount to a refusal of the trial court to implement the plea bargain agreement. *Watson*, 924 S.W.2d at 714.

In these cases, appellant entered his original pleas pursuant to negotiated plea bargains. The punishment assessed by the trial court did not exceed that agreed to by appellant and her attorney and recommended by the State. Further, appellant filed only

general notices of appeal. According to appellant's brief filed by retained counsel, Ross Teter, appellant was admonished in writing and by the Court in substantial compliance with article 26.13 of the code of criminal procedure. Additionally, the brief asserts that the record does not reflect that the plea was involuntary. Appellant has brought no points of error raising jurisdictional defects. Because appellant filed general notices of appeal, this Court does not have jurisdiction over these appeals.

Accordingly, we **DISMISS** the appeals for lack of jurisdiction.


DEBORAH G. HANKINSON
JUSTICE


Do Not Publish
Tex. R. App. P. 90

-3-