Dismissed, Order issued October 24, 1996



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-92-02080-CR

**DURETTA DARTHARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

## OPINION AND ORDER

Before Chief Justice Thomas and Justices Maloney and Hankinson

Duretta Darthard appeals her conviction for forgery. As part of a plea bargain agreement, appellant pleaded guilty and was placed on deferred adjudication probation for three years and fined $100. Thirteen months later, the State filed a motion to adjudicate guilt. Appellant pleaded true to the allegations in the motion, and the trial court revoked appellant's probation and adjudicated her guilty. The trial court then placed appellant on ten years probation. In May 1992, the State filed a motion to revoke probation, and appellant entered a plea of true to the allegations. The trial court sentenced appellant to ten years in prison and fined her $100. Appellant filed notice of appeal.

The State filed a motion to dismiss the appeal on the ground that his Court does not have jurisdiction because appellant filed only a general notice of appeal. In her brief, appellant concedes this Court has no jurisdiction pursuant to rule 40(b)(1) of the Texas Rules of Appellate Procedure.

Rule 40(b)(1) provides:

> [I]f the judgment was rendered upon [an appellant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

Tex. R. App. P. 40(b)(1). A general notice of appeal does not confer jurisdiction upon this Court to consider nonjurisdictional issues. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim. App.), *cert. denied*, 114. S. Ct. 2684 (1994). Rule 40(b)(1) applies to cases in which appellant is placed on deferred adjudication probation pursuant to a plea agreement and the probation is subsequently revoked and appellant adjudicated guilty. *Watson v. State*, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996). The fact that the term of confinement imposed following adjudication of guilt was not recommended by the State does not amount to a refusal of the trial court to implement the plea bargain agreement. *Watson*, 924 S.W.2d at 714.

In this case, appellant entered her original plea pursuant to a negotiated plea bargain. The punishment assessed by the trial court did not exceed that agreed to by

appellant and her attorney and recommended by the State. Further, appellant filed only a general notice of appeal. According to appellant's brief filed by retained counsel, Ross Teter, appellant was admonished in writing and by the Court in substantial compliance with article 26.13 of the code of criminal procedure. Additionally, the brief asserts that the record does not reflect that the plea was involuntary. Appellant has brought no points of error raising jurisdictional defects. Because appellant filed a general notice of appeal, this Court does not have jurisdiction over this appeal.

Accordingly, we **DISMISS** the appeal for lack of jurisdiction.


DEBORAH G. HANKINSON
JUSTICE

Do Not Publish
Tex. R. App. P. 90

NO. 05-92-02080-CR

| DURETTA DARTHARD | § | IN THE COURT OF APPEALS |
| VS. | § | FOR THE FIFTH DISTRICT |
| THE STATE OF TEXAS | § | OF TEXAS AT DALLAS |

FILED IN
COURT OF APPEALS

SEP 1 9 1996

MARIA SANCHEZ, Clerk

ON APPEAL FROM THE
363RD JUDICIAL DISTRICT COURT
OF DALLAS COUNTY, TEXAS
IN CAUSE NO. F89-97533-W

## STATE'S MOTION TO DISMISS THE APPEAL PURSUANT TO RULE 40(b)(1)

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW the State of Texas, by and through the Criminal District Attorney of Dallas County, Texas, and respectfully requests that this appeal be dismissed. In support of this motion the State would show the Court the following:

I.

Appellant was convicted of forgery and sentenced to ten years' confinement and assessed a $100 fine on June 5, 1992. (R.I:58). Notice of Appeal was filed July 1,1992. (R.I:64). It is a general Notice of Appeal in that it does not reflect that the trial court granted persmission to appeal and it does not reflect that the matters to be appealed were raised by written pretrial motion overruled by the trial court.

1

## II.

The Transcript reflects that appellant originally pleaded guilty according to the terms of a plea bargain agreement with the State. (R.I:36). The State and appellant agreed that appellant would plead guilty in exchange for a recommendation of three years' deferred adjudication probation. The plea bargain agreement is signed by appellant and dated February 9, 1990. Appellant also signed the Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment. (R.I:37). The judgment, dated February 9, 1990, indicates that appellant was placed on three years probation in accordance with the terms of the plea bargain agreement. (R.I:38).

The State filed a motion to proceed with adjudication of guilt on March 8. 1991. (R.I:44). Appellant pleaded true to the State's allegations on March 28, 1991. (R.I:47). The judgment, dated March 28, 1991, indicates that appellant was found guilty and received a ten-year probated sentence, (R.I:49), and was ordered to serve 30 days' confinement in Dallas County Jail as a condition of probation. (R.I:53).

On May 5, 1992, the State filed a motion to revoke probation. (R.I:62). appellant pleaded true to the State's allegations on June 4, 1992. (R.I:56). The judgment, dated June 5, 1992, reflects that appellant was sentenced to ten years' confinement and assessed a fine of $100. (R.I:58).

## III.

The Court of Criminal Appeals in Lyon v. State, 872 S.W.2d 732, 735-36 (Tex. Crim. App. 1994), cert. denied, 114 S. Ct. 2684, 129 L. Ed. 2d 816, and Davis v. State, 870

2

S.W.2d 43, 45-46 (Tex. Crim. App. 1994) held that a general notice of appeal in an appeal from a negotiated plea is not sufficient to confer jurisdiction on an appellate court. This holding applies to nonjurisdictional defects which occur both before and after the plea. Davis, 870 S.W.2d at 45-46. This holding applies even to negotiated pleas in cases where the defendant entered the plea with the understanding that he would be able to appeal a pretrial motion; a general notice of appeal in such a case is insufficient to confer jurisdiction on an appellate court. Davis, 870 S.W.2d at 46. Moreover, an appellate court may not permit a defendant to amend a notice of appeal out of time. Davis, 870 S.W.2d at 47. In Watson v. State, 924 S.W.2d 711 (Tex. Crim. App. 1996), the Court of Criminal Appeals extended the reach of Lyon and Davis (and rule 40(b)(1)) to cases where the State and defendants agreed to deferred adjudication in a plea bargain.

To comply with rule 40(b)(1), appellant's contention must either have been raised by a written pre-trial motion and the notice of appeal must reflect that fact in writing (see Davis, 870 S.W.2d at 45, 46-47), or appellant alternatively must have received the permission of the trial judge to appeal the sufficiency of the evidence underlying his guilty plea. TEX. R. APP. P. 40(b)(1). If such permission was received, that fact must be evident on the face of his notice of appeal. TEX. R. APP. P. 40(b)(1). Appellant's notice of appeal is general because it lacks the necessary recitations, and this Court therefore lacks jurisdiction of appellant's claims. See TEX. R. APP. P. 40(b)(1); Davis, 870 S.W.2d at 46-47; Penny v. State, 880 S.W.2d 59, 61 (Tex. App. - Dallas 1994, no pet.). Furthermore, appellant, in his brief, concedes that this Court lacks jurisdiction to consider this appeal. Brief for Appellant at 5. Appellant's appeal must be dismissed.

3

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests that this appeal be dismissed for want of jurisdiction.

Respectfully submitted,

*Lorraine A. Raggio*

LORRAINE A. RAGGIO
ASSISTANT DISTRICT ATTORNEY
STATE BAR NO. 00792783
FRANK CROWLEY COURTS BUILDING
LOCK BOX 19
DALLAS, TEXAS 75207-4399
(214) 653-3661

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served on Ross Teter, Attorney for Appellant, at 311 N. Stemmons Freeway, Suite 100, Dallas, Texas, 75207-4397, by depositing same in the United States mail on September 19, 1996.

*Lorraine A. Raggio*

LORRAINE A. RAGGIO

4