NO. 07-00-0484-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 23, 2001

______________________________

SHELLY JO HORACEK,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 42672-E; HON. ABE LOPEZ, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Shelly Jo Horacek attempts to appeal from an order deferring her adjudication and placing her on community supervision.  The order was entered pursuant to her plea of guilty.  Furthermore, the trial court’s decision comported with the terms of the plea bargain.  On appeal, appellant asserts three points of error which implicate the voluntariness of her plea and the constitutionality of Texas Code of Criminal Procedure art. 42.12, § 5.   We dismiss for want of jurisdiction.

Appellant, having pled guilty and the trial court having abided by the plea agreement, was obligated to file a notice of appeal comporting with Texas Rule of Appellate Procedure 25.2(b)(3).  In other words, the notice of appeal must state that 1) the appeal involves jurisdictional defects, 2) the substance of the appeal was raised by written motion which the court ruled on before trial, or 3) the court granted permission to appeal.  However, the document filed by appellant is a general notice of appeal which contains none of the aforementioned statements.  Being such, it did not vest this court with jurisdiction.  
Lowe v. State
, 997 S.W.2d 670, 672 (Tex.App.--Dallas 1999, no pet.); 
see Watson v. State
, 924 S.W.2d 711, 715 (Tex.Crim.App.1996) (requiring that the notice of one appealing after the adjudication of his guilt is deferred must also comply with Rule 25.2(b)(3)).  Furthermore, the time allotted appellant to amend the notice expired once she filed her brief on December 18, 2000.  
See 
Tex. R. App. P
.
 25.2(d).

Next, the recent opinion from the Texas Court of Criminal Appeals in 
Cooper v. State
, No. 1100-99 (Tex. Crim. App. April 4, 2001) would also prevent us from entertaining the allegation that her plea was involuntary.  According to the court in 
Cooper
, such an issue cannot be reviewed when an appellant pleads guilty and the trial court abides by the plea agreement.  
Id.
  Since those circumstances appear here, we would again lack jurisdiction to consider those issues raised by appellant regarding the voluntariness of her plea.

Accordingly, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.