TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-01-00271-CR

Adela Dora Lopez, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 48,373, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING

PER CURIAM

Appellant pleaded guilty to assaulting a peace officer. See Tex. Penal Code Ann.
§ 22.01(a)(1), (b)(1) (West Supp. 2001). The plea was made pursuant to a plea bargain agreement
by which the State agreed to recommend probation. In conformity to the agreement, the district court
found that the evidence substantiated appellant's guilt, deferred adjudication, and placed appellant
on community supervision. The State later moved to adjudicate. The motion was granted following
a hearing. Appellant was adjudged guilty and sentenced to imprisonment for three years. Appellant
filed a general notice of appeal.

When a defendant pleads guilty to a felony and the punishment assessed does not
exceed that recommended by the prosecutor and agreed to by the defendant, the notice of appeal
must state that the appeal is for a jurisdictional defect, or that the substance of the appeal was raised
by written motion and ruled on before trial, or that the trial court granted permission to appeal. Tex.
R. App. P. 25.2(b)(3). This rule applies to an appeal following revocation of deferred adjudication
community supervision if the defendant was originally placed on deferred adjudication pursuant to
a plea bargain. Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996). Appellant's
notice of appeal does not comply with rule 25.2(b)(3) and fails to confer jurisdiction on this Court. 
Whitt v. State, No. 03-00-00194-CR (Tex. App.--Austin April 19, 2001, no pet.); see also Cooper
v. State, No. 1100-99, slip op. at 6-8 (Tex. Crim. App. April 4, 2001).

The appeal is dismissed for want of jurisdiction.

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: May 31, 2001

Do Not Publish