TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-00-00726-CR

Peter Louis Torres, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. CR-99-146, HONORABLE DON B. MORGAN, JUDGE PRESIDING

In July 1999, appellant Peter Louis Torres pleaded guilty to aggravated assault. See
Tex. Penal Code Ann. § 22.02(a)(2) (West 1994). The district court found that the evidence
substantiated appellant's guilt and, as called for in a plea bargain agreement, deferred adjudication
and placed appellant on community supervision for three years. In September 2000, the court
granted the State's motion to adjudicate, revoked supervision, and sentenced appellant to
imprisonment for ten years. Appellant filed a general notice of appeal.

When a defendant pleads guilty to a felony and the punishment assessed does not
exceed that recommended by the prosecutor and agreed to by the defendant, the notice of appeal
must state that the appeal is for a jurisdictional defect, or that the substance of the appeal was raised
by written motion and ruled on before trial, or that the trial court granted permission to appeal. Tex.
R. App. P. 25.2(b)(3). This rule applies to an appeal following revocation of deferred adjudication
community supervision if the defendant was originally placed on deferred adjudication pursuant to
a plea bargain. Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996). Appellant's
notice of appeal does not comply with rule 25.2(b)(3) and fails to confer jurisdiction on this Court. 
Whitt v. State, No. 03-00-00194-CR (Tex. App.--Austin April 19, 2001, no pet.); see also Cooper
v. State, No. 1100-99, slip op. at 6-8 (Tex. Crim. App. April 4, 2001).

The appeal is dismissed for want of jurisdiction.

 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: June 14, 2001

Do Not Publish