In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00217-CR


______________________________




ROBERT ALTON CASPER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. D-102-CR-91-334




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Robert Alton Casper asks this court for permission to pursue an out-of-time appeal. Casper's
filings state he was convicted on February 21, 1992, in cause number D-102-CR-91-334 in the 102nd
Judicial District Court of Bowie County, Texas. Casper received a fifteen-year sentence. Unless he
filed a motion for new trial, Casper's notice of appeal was due in this court by March 22, 1992,
unless that day was a Saturday or Sunday, in which case the notice of appeal was due the following
Monday. Tex. R. App. P. 26.2(a)(1). Casper admits he did not timely file his notice of appeal.

 The timely and proper notice of appeal is a prerequisite for the exercise of this court's
jurisdiction on direct appeal. Absent the timely and proper filing under the Texas Rules of Appellate
Procedure, we are without statutory authority to act. Olivo v. State, 918 S.W.2d 519, 525 (Tex.
Crim. App. 1996) (appellate court lacks jurisdiction if notice of appeal is not timely filed or a motion
for leave to late file is not filed within fifteen days of last day notice of appeal is due); Watson v.
State, 924 S.W.2d 711, 713 (Tex. Crim. App. 1996) ("right to appeal does not exist at all unless
authorized by statute"). As Casper's motion for an out-of-time appeal was not filed within fifteen
days of the day his notice of appeal was due, we are without jurisdiction to consider his appeal. 
Olivo, 918 S.W.2d at 525.

 However, Casper is not without other possible remedies. He may make an application for
a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure for an
out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2003). The form for
the application, available from any Texas correctional facility, should be submitted to the clerk of
the 102nd Judicial District Court of Bowie County at 710 James Bowie Drive, P.O. Box 248, New
Boston, Texas 75570-0248. See Tex. Code Crim. Proc. Ann. art. 11.07(b) (application must be
filed in court of original conviction). On filing his application, the State, barring any grant of
extension by the trial court, will have approximately fifteen days to respond to Casper's application. 
Tex. Code Crim. Proc. Ann. art. 11.07(b). The trial court will then enter its findings on the
application and forward the application, along with the State's response, the trial court's rulings, and
any other relevant material for review by the Texas Court of Criminal Appeals. Id. The Texas Court
of Criminal Appeals will then determine whether Casper should be granted permission to pursue an
out-of-time appeal. Id.; Ex parte Garcia, 988 S.W.2d 240, 240-41 (Tex. Crim. App. 1999).

 If Casper is granted an out-of-time appeal, he must file his notice of appeal within thirty days
from the date the Texas Court of Criminal Appeals issues its mandate in the habeas proceeding. See
Tex. R. App. P. 26.2(a); Garcia, 988 S.W.2d at 241. Failure to timely file a notice of appeal is a
jurisdictional bar to consideration of his appeal. See Olivo, 918 S.W.2d at 525.


 We are without jurisdiction to consider the merits of Casper's out-of-time appeal. 
Accordingly, we dismiss his appeal. All other relief requested is denied for want of jurisdiction.





 Ben Z. Grant

 Justice


Date Submitted: December 5, 2002

Date Decided: December 19, 2002


Do Not Publish