In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-418 CR


____________________



VICKY ELAINE CELESTINE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 87316






MEMORANDUM OPINION


 On original submission, we dismissed this case for want of jurisdiction. The
appellant, Vicky Elaine Celestine, filed a petition for discretionary review. Pursuant to Rule
50, Texas Rules of Appellate Procedure, we withdraw our judgment and memorandum
opinion of November 16, 2005, and substitute the following modified opinion ordering
continuation of the appeal. See Tex. R. App. P. 50. 


 Vicky Elaine Celestine was convicted and sentenced on an indictment for aggravated
assault. Celestine filed a notice of appeal on August 31, 2005. The trial court entered a
certification of the defendant's right to appeal in which the court certified that this is a plea-bargain case and the defendant has no right of appeal. See Tex. R. App. P. 25.2(a)(2). 
Celestine plea bargained for deferred adjudication community supervision, and this appeal
follows revocation of the deferred adjudication order. 

 The Court of Criminal Appeals recently overruled long-standing precedent and held
that the appellate restrictions on plea-bargaining defendants do not apply after adjudication
of guilt. Hargesheimer v. State, No. PD-1610-04, 2006 WL 120009, *5 (Tex. Crim. App.
Jan. 18, 2006) (not yet reported) (overruling Watson v. State, 924 S.W.2d 711, 714 (Tex.
Crim. App. 1996). The Court of Criminal Appeals decided that when the restriction on
appeal arises from Article 42.12, § 5(b) rather than Rule 25.2(a)(2), the trial court should
check the box on the certification form indicating that "this is not a plea-bargain case, and
the defendant has the right of appeal." Hargesheimer, at *6. The trial court should have the
opportunity to amend the certification in light of Hargesheimer. We therefore withdraw our
judgment and opinion dismissing the appeal for want of jurisdiction. 

 We order abatement of the appeal and remand the cause to the trial court with
directions to review the certification and to sign an amended certification if appropriate to
conform with the directives of the Court of Criminal Appeals for deferred adjudication
appeals. The amended certification and any orders entered pursuant to this order must be
included in a supplemental clerk's record to be filed with the Court of Appeals by March 27,
2006. A transcription of any hearing conducted by the trial court pursuant to this order must
be included in a reporter's record to be filed with the Court of Appeals by March 27, 2006.




 ___________________________

 CHARLES KREGER

 Justice



Opinion Delivered March 1, 2006 

Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.