



## MEMORANDUM OPINION

No. 04-08-00337-CR

Kelly Marie **OSOWIECKI**,
Appellant

v.

The **STATE** of Texas,
Appellee
From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-4830
Honorable Bert Richardson, Judge Presiding

PER CURIAM

Sitting:      Alma L. López, Chief Justice
              Catherine Stone, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  August 29, 2008

DISMISSED FOR LACK OF JURISDICTION

Kelly Marie Osowiecki pleaded guilty or nolo contendere to a charge of robbery pursuant to a plea bargain. On December 1, 2006, the trial court deferred Osowiecki's adjudication and placed her on community supervision for a period of five years. On April 10, 2008, the State filed a motion to revoke Osowiecki's community supervision and enter an adjudication of guilt, alleging four violations of the terms of Osowiecki's community supervision. A hearing on the motion to revoke was held April 23, 2008. On April 24, 2008, the trial court signed an order styled "Termination of Probation/Community Supervision," which states:

FIVE (5) years Deferred Adjudication probation was granted on <u>December 1, 2006</u>, expired on <u>December 1, 2011</u>, and is hereby terminated unsatisfactorily early.

On April 30, 2008, Osowiecki filed a pro se notice of appeal, stating that sentence was imposed on April 23, 2008. The trial court appointed appellate counsel.

A clerk's record on CD-ROM has been filed. The record does not contain an order revoking Osowiecki's community supervision. Nor does it contain a judgment or any other document reflecting that appellant has been adjudicated guilty of a crime or that any sentence has been assessed or imposed. Instead, it appears the trial court terminated Osowiecki's community supervision.

Subject to the provisions of Rule 25.2 of the Texas Rules of Appellate Procedure, a defendant may appeal when he is initially placed on deferred adjudication community supervision. *See Watson v. State*, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996); *Hargesheimer v. State*, 182 S.W.3d 906 (Tex. Crim. App. 2006). Osowiecki did not file a timely appeal from the deferred adjudication order. A defendant also has a right to appeal when his community supervision is revoked and he is adjudicated guilty and sentenced. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 5(b), 23(b) (Vernon Supp. 2008). However the record does not reflect Osowiecki's community supervision was revoked or that she was adjudicated guilty.

Accordingly, on June 27, 2008, we ordered appellant to file, no later than July 28, 2008, a response showing why this appeal should not be dismissed for want of jurisdiction. We advised appellant that if she failed to respond satisfactorily by the date ordered, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). Appellant has not responded to our June 27, 2008.

We therefore dismiss this appeal for want of jurisdiction.

PER CURIAM

Do not publish