# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00170-CR

**Devin Blake Espinoza, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
## NO. 2008-014, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Devin Blake Espinoza pleaded guilty to the offense of burglary of a habitation and was placed on deferred-adjudication community supervision for a period of five years. The State subsequently filed a motion to adjudicate, which the district court granted following a hearing. Following the revocation of his community supervision, Espinoza was sentenced to 14 years' imprisonment. In a single issue on appeal, Espinoza asserts that the district court's procedures prior to the revocation hearing, including at the 2008 hearing in which Espinoza pleaded guilty to the underlying offense and at the subsequent sentencing hearing, were "so confusing and misleading" that they rendered Espinoza's guilty plea involuntary. We will affirm the judgment adjudicating guilt.

## BACKGROUND

In July 2008, pursuant to a plea agreement, Espinoza pleaded guilty to the state-jail felony offense of possession of a controlled substance and the second-degree felony offense

of burglary of a habitation. In the agreement, the State had recommended a cap of one year's incarceration for the possession offense and five years' incarceration for the burglary offense. At the plea hearing, the district court, after admonishing Espinoza of the consequences of his guilty plea, found that the plea was freely and voluntarily entered but withheld any findings on guilt. The district court then released Espinoza on personal bond and placed him on pretrial supervision pending sentencing. In November 2008, at the sentencing hearing, the district court advised Espinoza that the pretrial supervision officer had informed the district court that Espinoza "literally blew off everything, as far as all of the requirements of the pretrial release." Espinoza agreed. The district court then sentenced Espinoza to state jail for one year on the possession offense but again withheld a finding of guilt for the burglary offense. Instead, the district court placed Espinoza on deferred-adjudication community supervision for a period of five years. The district court explained, "I'm staying within the range because, on a five-year deferred adjudication, you screw up within the five years, I could sentence you to 20 years in the penitentiary, if you violate probation on a deferred, and a $10,000 fine. Do you understand that?" Espinoza answered in the affirmative.

In November 2011, the State filed a motion to adjudicate, alleging that Espinoza had violated the terms of his community supervision by, among other grounds, possessing marihuana. At the adjudication hearing, Espinoza pleaded true to the State's allegations. Pursuant to the terms of a plea agreement, the district court again deferred adjudication and extended Espinoza's community supervision for an additional five years.

One year later, the State filed another motion to adjudicate, again alleging that Espinoza had violated the terms of his community supervision. This time, Espinoza pleaded not true to the allegations. At the conclusion of the adjudication hearing, the district court found that

2

Espinoza had violated the terms of his deferred adjudication as alleged, revoked his community supervision, adjudicated him guilty of the burglary offense, and sentenced him to 14 years' imprisonment for that offense. This appeal followed.

## ANALYSIS

On appeal, Espinoza asserts that the district court's procedures prior to revocation were so "confusing, inconsistent, and punitive" as to render Espinoza's guilty plea involuntary. Specifically, Espinoza contends that the district court failed to properly admonish Espinoza of the consequences of his guilty plea and did not "substantially comply" with the requirements of article 26.13 of the code of criminal procedure; was "unclear" as to whether it was accepting the terms of the plea agreement; improperly placed Espinoza on five years' deferred-adjudication community supervision "without allowing him an opportunity to consult with his attorney or withdraw his plea"; and abused its discretion at the adjudication hearing by sentencing Espinoza to 14 years' imprisonment, in excess of the five-year cap contained within the original plea agreement. Espinoza further asserts that he was "young, uneducated, and unfamiliar with the criminal justice system" at the time he entered his plea.[1] For these reasons, Espinoza asserts that his sentence "should either be modified consistent with the written plea agreement [from 2008] or his plea [from 2008] should be set aside as involuntary in violation of his constitutional due process rights."

Most of these complaints are not properly before us. It is well established that appellate review of an order adjudicating guilt is limited to determining whether the trial court

---

[1] We note that Espinoza was 18 years old at the time he pleaded guilty and was represented by counsel throughout the proceedings.

abused its discretion at the adjudication hearing in revoking community supervision.[2]  Error in the original plea proceeding must be appealed when the conditions of deferred adjudication are originally imposed.[3]  An appellant may not appeal matters relating to the original plea proceeding after his community supervision has been revoked and his adjudication of guilt formally made.[4]  With one exception, discussed below, Espinoza's complaints on appeal relate to alleged errors in the original plea proceeding and cannot be challenged on direct appeal here.[5]

The only argument that is properly before us is Espinoza's contention that the district court abused its discretion at the adjudication hearing in imposing a sentence that exceeded the five-year cap on punishment agreed upon by the parties prior to Espinoza pleading guilty.  However, this complaint is without merit.  "After an adjudication of guilt, all proceedings, including assessment of punishment, . . continue as if the adjudication of guilt had not been deferred."[6]  The court of criminal appeals has interpreted this provision to mean that a plea agreement in which the State sets a cap on punishment "is satisfied when the trial court assesses as punishment deferred-adjudication probation within the terms of the cap.  Imposition of a higher sentence is not precluded upon proceeding to adjudication . . . since the bargain was satisfied and completed by previous

---

[2] *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *Jordan v. State*, 54 S.W.3d 783, 785-86 (Tex. Crim. App. 2001).

[3] *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

[4] *See id*.

[5] At this point, challenges to the original plea proceeding may be raised, if at all, in a post-conviction application for writ of habeas corpus. *See Jordan*, 54 S.W.3d at 786; *see also* Tex. Code Crim. Proc. art. 11.07.

[6] Tex. Code Crim. Proc. art. 42.12, § 5(b).

4

assessment of the deferred adjudication probation."[7]  Thus, under such circumstances, a trial court does not abuse its discretion "in sentencing appellant[] to a term of years beyond the number agreed to in the plea bargain agreement[]," so long as the punishment assessed does not exceed the amount allowed by law.[8]  In this case, Espinoza's 14-year sentence is within the range allowed by law.[9]  Accordingly, on this record, we cannot conclude that the district court abused its discretion in revoking Espinoza's community supervision and sentencing him to 14 years' imprisonment.

We overrule Espinoza's sole issue on appeal.

## CONCLUSION

We affirm the district court's judgment adjudicating guilt.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   August 1, 2014

Do Not Publish

_____

[7] *Ditto v. State*, 988 S.W.2d 236, 239-40 (Tex. Crim. App. 1999).

[8] *See id*.; *see also Watson v. State*, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996) ("When a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law.").

[9] *See* Tex. Penal Code § 12.33(a) (range of punishment for second-degree felony is two to twenty years).