Kelson v. SOT



NUMBER 13-01-077-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

TABIUS D. KELSON, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 252nd District Court of Jefferson County, Texas.

____________________________________________________________________



MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa




This is an appeal from the trial court's order revoking appellant's deferred adjudication community supervision and
adjudicating guilt. As this is a memorandum opinion not designated for publication and the parties are familiar with the
facts, we will not recite them here. See Tex. R. App. P. 47.1.

Appellant's counsel has filed a brief in which he has concluded that this appeal is wholly frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), as it presents a professional evaluation of why
there are no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). 
Appellant's counsel states in the brief that he has informed appellant of his right to examine the appellate record and to file
a pro se brief. No such brief has been filed.

If appellant wished to appeal issues arising from the original plea proceeding in an appeal taken from that proceeding, he
must have done so at that time. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Because he waited until
his community supervision had been revoked and his adjudication of guilt formally made, we are without jurisdiction to
consider an appeal from the original plea proceeding. Id. at 662. In addition, appellant may not raise issues regarding the
proceeding at which his community supervision was revoked and his adjudication of guilt formally made. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999);
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). 



Further, appellant filed a general notice of appeal to the judgment adjudicating his guilt. The extra-notice requirements of
Texas Rule of Appellate Procedure 25.2(b)(3) apply to judgments adjudicating guilt and assessing punishment, entered
pursuant to plea agreements, after deferred adjudication probation has been revoked. Watson v. State, 924 S.W.2d 711,
713-14 (Tex. Crim. App. 1996). A challenge to the voluntariness of a plea is not an exception to the special notice
requirements of Rule 25.2(b)(3). Cooper v. State, No. 1100-99, slip op. at 12, 2001 Tex. Crim. App. LEXIS 25, at *16
(Tex. Crim. App. April 4, 2001). In this case, appellant's notice of appeal does not specify that the appeal is for
jurisdictional defects, from a ruling on a pre-trial motion, or that the trial court granted appellant permission to appeal.

Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the
appellate record and counsel's brief; find nothing in the record that might arguably support the appeal; and agree with
appellant's counsel that the appeal is wholly frivolous and without merit. See Stafford, 813 S.W.2d at 511.

We conclude we are without jurisdiction to consider this appeal. We dismiss this appeal for want of jurisdiction.

In accordance with Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. See Anders,
386 U.S. at 744. We grant the attorney's motion to withdraw. We order appellant's attorney to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).





FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 14th day of June, 2001.