Ortiz v. SOT



NUMBER 13-00-532-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

MICHAEL ORTIZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 24th District Court of DeWitt County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


In accordance with a plea bargain, appellant, Michael Ortiz, pleaded guilty to the offense of indecency with a child. The
trial court accepted the plea bargain, deferred adjudicating appellant's guilt, placed him on deferred adjudication community
supervision for ten years, assessed a $1,000 fine, and ordered that he perform 350 hours of community service.

 On June 21, 2000, the State filed a motion to adjudicate appellant's guilt. The trial court heard the motion on July 5, 2000,
and found that appellant had violated the conditions of his community supervision. The trial court revoked appellant's
community supervision, found him guilty of the offense of indecency with a child, and assessed his punishment at ten years
imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

A. Appellant's Appeal

Appellant's counsel has filed a brief in which she has concluded that this appeal is wholly frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), as it presents a professional evaluation of why
there are no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). In
the brief, appellant's counsel states that she has informed appellant of his right to examine the appellate record and to file a
pro se brief.

On December 11, 2000, appellant advised this Court, by letter, that he desired to file a pro se brief. On December 19,
2000, appellant requested a forty-five day extension of time to file his brief. We granted appellant's motion and extended
the deadline to file his brief to February 2, 2001. No such brief has been filed with this Court.

If appellant wished to appeal issues arising from the original plea proceeding in an appeal taken from that proceeding, he
must have done so at that time. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Because he waited until
his community supervision had been revoked and his adjudication of guilt formally made, we are without jurisdiction to
consider an appeal from the original plea proceeding. Id. at 662. In addition, appellant may not raise issues regarding the
proceeding at which his community supervision was revoked and his adjudication of guilt formally made. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999);
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). 

Further, appellant filed a general notice of appeal to the judgment adjudicating his guilt. The extra-notice requirements of
Texas Rule of Appellate Procedure 25.2(b)(3) apply to judgments adjudicating guilt and assessing punishment, entered
pursuant to plea agreements, after deferred adjudication probation has been revoked. Watson v. State, 924 S.W.2d 711,
713-14 (Tex. Crim. App. 1996). A challenge to the voluntariness of a plea is not an exception to the special notice
requirements of Rule 25.2(b)(3). Cooper v. State, No. 1100-99, slip op. at 12, 2001 Tex. Crim. App. LEXIS 25, at *16
(Tex. Crim. App. April 4, 2001). In this case, appellant's notice of appeal does not specify that his appeal is for
jurisdictional defects, from a ruling on a pre-trial motion, or that the trial court granted him permission to appeal.

Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the
appellate record and counsel's brief; find nothing in the record that might arguably support the appeal; and agree with
appellant's counsel that the appeal is wholly frivolous and without merit. See Stafford, 813 S.W.2d at 511.

We conclude we are without jurisdiction to consider this appeal. Accordingly, we dismiss this appeal for want of
jurisdiction.

B. Counsel's Motion to Withdraw

In accordance with Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. See Anders,
386 U.S. at 744. We grant the attorney's motion to withdraw. We order appellant's attorney to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).




FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the 28th day of June, 2001.