Daniels v. SOT







NUMBER 13-00-00162-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

______________________________________________________________


HENRY HOUSTON DANIELS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

______________________________________________________________


On appeal from the 194th District Court of Dallas County, Texas.

______________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Hinojosa


In accordance with a plea agreement, appellant, Henry Houston Daniels, pleaded nolo contendere on March 8, 1990, to the
offense of aggravated sexual assault of a child. The trial court deferred adjudicating appellant's guilt, placed him on
community supervision for ten years, and assessed a $750.00 fine. On October 22, 1999, the State filed a motion to
adjudicate guilt, and the trial court heard the motion on February 4, 2000. On February 11, 2000, the trial court found
appellant had violated the conditions of his community supervision, revoked his community supervision, found him guilty
of the offense of aggravated sexual assault of a child, and assessed his punishment at five years imprisonment in the
Institutional Division of the Texas Department of Criminal Justice.

A. Appellant's Appeal


Appellant's counsel has filed a brief in which he has concluded that this appeal is wholly frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), as it presents a professional evaluation of why
there are no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). 
Appellant's counsel states in the brief that he has informed appellant of his right to examine the appellate record and to file
a pro se brief. No such brief has been filed.

If appellant wished to appeal issues arising from the original plea proceeding in an appeal taken from that proceeding, he
must have done so at that time. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Because he waited until
his community supervision had been revoked and his adjudication of guilt formally made, we are without jurisdiction to
consider an appeal from the original plea proceeding. Id. at 662. In addition, appellant may not raise issues regarding the
proceeding at which his community supervision was revoked and his adjudication of guilt was formally made. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App.
1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).

Further, appellant filed a general notice of appeal to the judgment adjudicating his guilt. The extra-notice requirements of
Texas Rule of Appellate Procedure 25.2(b)(3) apply to judgments adjudicating guilt and assessing punishment, entered
pursuant to plea agreements, after deferred adjudication probation has been revoked. Watson v. State, 924 S.W.2d 711,
713-14 (Tex. Crim. App. 1996). A challenge to the voluntariness of a plea is not an exception to the special notice
requirements of Rule 25.2(b)(3). Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). In this case, appellant's
notice of appeal does not specify that the appeal is for jurisdictional defects, from a ruling on a pre-trial motion, or that the
trial court granted appellant permission to appeal. See White v. State, No. 123-01, 2001 Tex. Crim. App. LEXIS 124 (Tex.
Crim. App. December 5, 2001).

Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the
appellate record and counsel's brief; find nothing in the record that might arguably support the appeal; and agree with
appellant's counsel that the appeal is wholly frivolous and without merit. See Stafford, 813 S.W.2d at 511.

We conclude we are without jurisdiction to consider this appeal. We dismiss this appeal for want of jurisdiction.

B. Counsel's Motion to Withdraw


In accordance with Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. See Anders,
386 U.S. at 744. We grant the attorney's motion to withdraw. We order appellant's attorney to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

14th day of February, 2002.