NUMBER
13-01-368-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                           CORPUS
CHRISTI

___________________________________________________________________

 

JEFFERY LYNN WARDEN,                                          Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 105th District Court

                           of Nueces County, Texas.

__________________________________________________________________

 

                              O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 








In accordance with a plea agreement, appellant, Jeffery Lynn
Warden, pleaded  guilty
on March 9, 2001, to the offenses of possession of heroin and possession of
cocaine, third degree felonies.  The
trial court deferred adjudicating appellant=s guilt, placed him on community
supervision for five years and assessed a $1,000.00 fine.  On March 29, 2001, the State filed a motion
to adjudicate guilt, and the trial court heard the motion on April 25, 2001.  The trial court found appellant had violated
the conditions of his community supervision, revoked his community supervision,
found him guilty of both offenses, and sentenced him to ten years confinement
in the Institutional Division of the Texas Department of Criminal Justice.

Appellant=s counsel has
filed a brief in which she concluded that this appeal is wholly frivolous and
without merit.  The brief meets the
requirements of Anders v. California, 386 U.S. 738 (1967), as it
presents a professional evaluation of why there are no arguable grounds for
advancing an appeal.  See
Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. 1978).  Counsel certifies in
her brief that she served appellant with a copy of the brief and informed
appellant of his right to examine the appellate record and to file a pro se brief.  No such brief has been filed.








Counsel for appellant correctly asserts that a defendant who
pleads guilty to a felony offense, is placed on deferred adjudication community
supervision, and who is later adjudicated guilty, cannot complain of error in
the original plea proceeding.  If appellant
wished to appeal issues arising from the original plea proceeding in an appeal
taken from that proceeding, he must have done so at that time.  Manuel v. State, 994
S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  Because appellant waited until his community
supervision had been revoked and his adjudication of guilt formally made, we
are without jurisdiction to consider an appeal from the original
proceeding.  Id.
at 662.  In addition, appellant
may not raise issues on appeal regarding the adjudication of guilt
process.  See Tex. Code Crim. Proc. Ann. art. 42.12, '5(b)
(Vernon Supp. 2002); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999).

Further, appellant filed a general notice of appeal to the
judgment adjudicating his guilt.  The
extra-notice requirements of Texas Rule of Appellate Procedure 25.2(b)(3) apply
to judgments adjudicating guilt and assessing punishment, entered pursuant to
plea agreements, after deferred adjudication has been revoked.  Watson v. State, 924
S.W.2d 711, 713-14 (Tex. Crim. App. 1996).  In this case, appellant=s notice of
appeal does not specify that the appeal is for jurisdictional defects, from a
ruling on a pre-trial motion, or that the trial court granted appellant
permission to appeal.  See Tex. R. App. P. 25.2(b)(3); White
v. State, 61 S.W.3d 424, 428 (Tex. Crim. App.
2001).

Upon receiving an Anders brief, an appellate court must
conduct Aa full
examination of all proceedings to decide whether the case is wholly frivolous.@  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We have carefully reviewed the record in each
appeal and, finding nothing that would arguably support an appeal in either
cause, agree that each appeal is wholly frivolous and without merit.  See Stafford, 813
S.W.2d at 511.

We conclude we are without jurisdiction to consider this
appeal.  Accordingly, we dismiss this
appeal for want of jurisdiction.








Additionally, in accordance with Anders, counsel has
asked permission to withdraw as counsel for appellant.  See Anders, 386 U.S. at 744.  We grant appellant=s attorney=s motion to
withdraw.  Furthermore, we order counsel
to notify appellant of the disposition of this appeal and of the availability
of discretionary review.  See Ex parte Wilson, 956 S.W.2d
25, 27 (Tex. Crim. App. 1997).                                                                                                                                                                                                                                                 NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 25th day of April,
2002.