In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-179 CR


NO. 09-01-180 CR


____________________



KENDALL ROSS MAYFIELD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 77506 and 77961






MEMORANDUM OPINION


 Kendall Ross Mayfield pleaded guilty in Cause No. 77506 (Appeal No. 09-01-179
CR) to burglary of a habitation. He contemporaneously pleaded guilty in Cause No. 77961
(Appeal No. 09-01-180 CR) to possession of a controlled substance, cocaine, in an amount 
less than one gram. Following written plea bargain agreements between Mayfield and the
State, the trial court deferred adjudication of guilt and placed Mayfield on community
supervision. Mayfield subsequently pleaded "true" to having violated the terms of the
community supervision orders. The trial court assessed punishment in Cause No. 77506
at five years of confinement in the Texas Department of Criminal Justice, Institutional
Division, and assessed a concurrent sentence in Cause No. 77961 of two years of
confinement in a state jail facility.

 Appellate counsel filed briefs that conclude no arguable error is presented in these
appeals. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On January 10, 2002, we
granted Mayfield an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeals involve the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The general notice of appeal filed by Mayfield failed to invoke our appellate
jurisdiction. See White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper
v. State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001); Watson v. State, 924 S.W.2d 711,
714-715 (Tex. Crim. App. 1996), disavowed in part on other grounds by, Vidaurri v.
State, 49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001). (1) No error relating to the process
by which he was punished was preserved at trial or raised on appeal. Vidaurri, 49 S.W.3d
at 883. 

 We have reviewed the clerk's records and the reporter's records, and find no
arguable error requiring us to order appointment of new counsel. Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Mayfield raises no points of error over which
we have jurisdiction. Accordingly, we dismiss the appeals for want of jurisdiction.

 APPEALS DISMISSED.

 PER CURIAM

Submitted on April 26, 2002 

Opinion Delivered May 1, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).