NUMBER 13-01-452-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



GUADALUPE DELGADO ,                                                       Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 138th District Court

                                 of Cameron County, Texas.

 



 

                                   O P I N I O N

 

                     Before Justices Hinojosa, Yañez, and Castillo

                                  Opinion by Justice Castillo

 








Appellant Guadalupe
Delgado appeals from a trial court judgment finding him guilty of second degree
robbery.  See Tex. Pen. Code Ann. '29.02 (Vernon Supp. 2002).  Delgado pled guilty to this offense on August
28, 2000, pursuant to a plea bargain.  He
received a sentence of six years deferred adjudication community
supervision.  On April 12, 2001, the
State moved to adjudicate his guilt based on alleged probation violations.  Appellant pled not true to the allegations.  

A hearing was held on
May 31, 2001 on the State=s motion to
adjudicate.  Evidence was offered
demonstrating that appellant was arrested in South Padre Island on March 17,
2001 on a charge of assault.  Prior to
this offense, appellant had failed drug tests administered pursuant to the
terms of his probation on October 4, 2000 and February 21, 2001.[1]  Appellant admitted to his probation officer
that he had been using drugs.  Further,
appellant failed to attend court-ordered drug and alcohol counseling and was
delinquent in payment of his probation fees. 
Following the hearing, on that same day, the court revoked appellant=s deferred
adjudication probation, found him guilty, and sentenced him to fifteen years
imprisonment with the Texas Department of Criminal JusticeBInstitutional
Division.  

                                                     Anders
Brief








Appellant=s court-appointed
counsel has filed a brief stating that he has thoroughly reviewed the clerk=s record and the court
reporter=s record in this case and
found that this appeal is wholly frivolous.  See Anders v. California, 386 U.S. 738,
744 (1967).  Counsel has certified that he has given the
appellant a copy of his appellate brief and informed him of his right to
examine the record and file a pro se response or brief.  No such response or brief has been
filed.  Counsel has presented no arguable
points of error to this Court.[2]  

Jurisdictional
Requirements

We find that we have
no jurisdiction over this case because appellant=s notice of appeal fails to meet the
jurisdictional requirements of Texas Rule of Appellate Procedure
25.2(b)(3).  Tex R. App. P. 25.2(b)(3).  A plea-bargaining defendant=s right to appeal is
limited under Texas law.  A notice of
appeal from a plea bargain must specify that: (1) the appeal is for a
jurisdictional defect, (2) the substance of the appeal was raised by written
motion and ruled on before trial, or (3) the trial court granted permission to
appeal.  Tex. R. App. P. 25.2(b)(3). 
These requirements apply to judgments adjudicating guilt following a
revocation of deferred adjudication community supervision, where the appellant
pled guilty to the initial offense pursuant to a plea bargain.  Watson v. State, 924 S.W.2d 711, 714
(Tex. Crim. App. 1996).  








The notice of appeal
filed by appellant was defective under Texas Rule of Appellate Procedure
25.2(b), as it fails to specify any of the three conditions which would grant
this Court jurisdiction under rule 25.2(b)(3). 
There were no jurisdictional defects raised in the notice of appeal and
none appear in the record.  There were no
written motions ruled on before trial. The motion to appeal, which contained a
request for permission to appeal, was never presented to the trial court to
grant or deny.  

Appellant is also barred
from appealing issues related to the April 12, 2001 proceeding and the trial
court=s decision to
adjudicate.[3]  See
Tex. Code Crim. Proc. Ann.
art. 42.12, '5(b) (Vernon Supp. 2002); Connolly
v. State, 983 S.W.2d 738, 741 (Tex. Crim. App.
1999). 

Disposition

We dismiss this appeal
for want of jurisdiction.                                   

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 2nd day of May, 2002.











[1]In
October 2000 appellant tested positive for marijuana use, and in February 2001
he tested positive for both marijuana and cocaine.  





[2]
We find that counsel has failed, however, to give a professional evaluation of
the record in this case.  A frivolous appeal
brief must demonstrate why there are no arguable grounds to be advanced by
providing reference to both legal precedent and pages in the record.  See High v. State, 573 S.W.2d 807, 812
(Tex.
Crim. App.1978). 
Although appellate counsel states in his brief that he has Aresearched
the law applicable to the facts,@
the brief filed by counsel provides no citations to legal authority.  Nonetheless, after our review of the record,
we agree with counsel that no arguable issues to appeal exist.





[3]
A criminal defendant appealing from a revocation of his deferred adjudication
does have a limited right to appeal issues unrelated to his conviction, even
without fulfilling the notice requirement of rule 25.2(b)(3).  Vidaurri
v. State, 49 S.W.3d 880, 885 (Tex.
Crim. App. 2001). 
An appellant may use this right to appeal from errors made following a
determination to adjudicate, since review of these errors is not barred by
article 42.12 '5(b).  Issa v.
State, 826 S.W.2d 159, 161 (Tex. Crim. App.
1992).  However, no such errors appear in
the record in this case.