NUMBER
13-01-350-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

BRIAN WAYNE WILLEY, JR.,                                                  Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                       On
appeal from the Criminal District Court

                                of Jefferson County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 








        In accordance with a plea agreement,
appellant, Brian Wayne Willey, Jr., pleaded guilty to the offense of
forgery.  The trial court deferred
adjudicating appellant=s guilt, placed
him on community supervision for four years and assessed a $500.00 fine.  The State subsequently filed a motion to
revoke.  After a hearing on the motion,
the trial court found appellant violated some of the conditions of his
community supervision, revoked his community supervision, found appellant
guilty of the offense of forgery, and sentenced him to eighteen months
confinement in a state jail facility of the Texas Department of Criminal
Justice.

Appellant=s counsel has
filed a brief in which he concluded this appeal is wholly frivolous and without
merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738 (1967), as it presents a
professional evaluation of why there are no arguable grounds for advancing an
appeal.  See
Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel certifies in his brief he served
appellant with a copy of the brief and informed appellant of his right to
examine the appellate record and to file a pro se brief.  No such brief has been filed.

Upon receiving an Anders brief, an appellate court must
conduct Aa full
examination of all proceedings to decide whether the case is wholly frivolous.@  Penson v. Ohio, 488
U.S. 75, 80 (1988).  We have carefully reviewed the record, and, finding nothing that
would arguably support an appeal, agree that this appeal is wholly frivolous
and without merit.  See
Stratford, 813 S.W.2d at 511.








Moreover, appellant filed a general notice of appeal to the
judgment adjudicating his guilt.  The
extra-notice requirements of Texas Rule of Appellate Procedure 25.2(b)(3) apply
to judgments adjudicating guilt and assessing punishment, entered pursuant to
plea agreements, after deferred adjudication has been revoked.  Watson v. State, 924
S.W.2d 711, 713-14 (Tex. Crim. App. 1996).  In this case, appellant=s notice of
appeal does not specify that the appeal is for jurisdictional defects, from a
ruling on a pre-trial motion, or that the trial court granted appellant
permission to appeal.  See Tex. R. App. P. 25.2(b)(3); White
v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  We conclude we are without jurisdiction to
consider this appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.                                                            

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 3rd day of July,
2002.