NUMBER
13-01-774-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

AMELIA ANN PEREZ,                                                            Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 105th District Court

                                  of
Kleberg County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 








In accordance with a plea agreement, appellant, Amelia Ann
Perez, pleaded guilty to the offense of aggravated assault with a deadly
weapon.  The trial court deferred
adjudicating appellant=s guilt, and
placed her on community supervision for ten years.  The State subsequently filed a motion to
revoke community supervision.  After a
hearing on the motion, the trial court found appellant had violated one or more
of the conditions of her community supervision. 
The court revoked appellant=s community
supervision, found her guilty of the offense of aggravated assault, and
sentenced her to eight years confinement in the Institutional Division of the
Texas Department of Criminal Justice. 
Appellant filed a notice of appeal after the trial court granted her
permission to do so.[1]








Appellant=s counsel has
filed a brief in which he concluded this appeal is wholly frivolous and without
merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738 (1967), as it presents a
professional evaluation of why there are no arguable grounds for advancing an
appeal.  See Stafford v. State,
813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978). 
Counsel certifies in his brief he served appellant with a copy of the
brief and informed appellant of her right to examine the appellate record and
to file a pro se brief.  No such
brief has been filed.

Upon receiving an Anders brief, an appellate court must
conduct Aa full
examination of all proceedings to decide whether the case is wholly frivolous.@  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have carefully reviewed the
record, and, finding nothing that would arguably support an appeal, agree that
this appeal is wholly frivolous and without merit.  See Stafford, 813 S.W.2d at 511.

Accordingly, the judgment of the trial court is AFFIRMED.

 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 3rd day of July,
2002.

 











[1]The
extra-notice requirements of Texas Rule of Appellate Procedure 25.2(b)(3) apply
to judgments adjudicating guilt and assessing punishment, entered pursuant to
plea agreements, after deferred adjudication has been revoked.  Watson v. State, 924 S.W.2d 711,
713-14 (Tex. Crim. App. 1996); see Tex.
R. App. P. 25.2(b)(3) (notice of appeal must specify appeal is for
jurisdictional defects, from a ruling on a pre-trial motion, or that trial
court granted appellant permission to appeal); White v. State, 61 S.W.3d
424, 428 (Tex. Crim. App. 2001).  In
appellant=s notice of
appeal, appellant indicated she requested permission from the trial court to
appeal her case.  The trial court
expressly acknowledged that request and appointed appellate counsel.  The court ordered the reporter to prepare the
record of the revocation hearing for the appeal, at no cost to  appellant. 
Based on the facts of this case, we conclude the trial court granted
appellant permission to appeal.  Because
it did so, we have jurisdiction over the appeal.  See Tex.
R. App. P. 25.2(b)(3)