Sheppard v. SOT











NUMBER 13-01-00351-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TRUMAN GENE SHEPPARD, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the Criminal District Court


of Jefferson County, Texas.


 


O P I N I O N



Before Justices Dorsey, Hinojosa, Rodriguez


Opinion by Justice Hinojosa



 Pursuant to a plea agreement, appellant, Truman Gene Sheppard, pleaded guilty
on February 10, 1997, to the offense of aggravated sexual assault of a child. In
accordance with the plea agreement, the trial court deferred adjudicating appellant's guilt,
placed him on community supervision for ten years, and assessed a $1,000.00 fine.

 On October 18, 1999, the State filed a motion to adjudicate appellant's guilt. The
trial court heard the motion on October 29, 1999. Appellant pleaded true to the State's
allegations that he had failed to support his dependents (count one) and had tested
positive for cocaine (count two). The trial court found counts one and two to be true, and
that appellant's pleas of true were voluntarily made. The trial court held the motion to
adjudicate in abeyance and continued appellant on community supervision.

 On November 1, 2000, the State filed a second motion to adjudicate guilt. The trial
court heard this motion on March 2, 2001. Appellant pleaded true to the State's allegations
that he had failed to successfully complete the Jefferson County Sex Offender Program
(count one) and had failed to have no contact with children under the age of eighteen years
without authorization of the court (count two). The trial court found counts one and two to
be true, and that appellant's pleas of true were voluntarily made. The court reset the case
for sentencing on April 2, 2001.

 On April 2, 2001, after argument from counsel, the trial court revoked appellant's
community supervision, adjudicated him guilty of the offense of aggravated sexual assault
of a child, and assessed his punishment at twenty years imprisonment in the Institutional
Division of the Texas Department of Criminal Justice.

A. Appellant's Appeal


 Appellant's counsel has filed a brief in which he has concluded that this appeal is
wholly frivolous and without merit. The brief meets the requirements of Anders v.
California, 386 U.S. 738 (1967), as it presents a professional evaluation of why there are
no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991) (citing High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App.
1978)).

 Appellant's counsel certified in the brief that he had informed appellant of his right
to examine the appellate record and to file a pro se brief. Counsel also filed a motion
requesting that this Court extend the time for appellant to file a pro se brief. We granted
the motion and allowed appellant to file a pro se brief on June 17, 2002.

 In his pro se brief, appellant contends he received ineffective assistance of counsel. 
Appellant argues that if his trial attorney had not "failed to disclose evidence that was
insufficient to constitutionally convict the appellant, then appellant would not have plead
involuntarily." Specifically, appellant asserts that his:

complaint is concerning the advice by counsel throughout the representation
by his persistence that "this case can be won!" But counsel remained silent
concerning [appellant's] plea to an offense he stated can be won!


 If appellant wished to appeal issues arising from the original plea proceeding in an
appeal taken from that proceeding, he must have done so at that time. Manuel v. State,
994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Because appellant waited until his
community supervision had been revoked and his adjudication of guilt formally made, we
are without jurisdiction to consider an appeal from the original plea proceeding. Id. at 662. 
In addition, appellant may not raise issues regarding the proceeding at which his
community supervision was revoked and his adjudication of guilt was formally made. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2002); Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim.
App. 1992).

 Further, appellant filed a general notice of appeal to the judgment adjudicating his
guilt. The extra-notice requirements of Texas Rule of Appellate Procedure 25.2(b)(3) apply
to judgments adjudicating guilt and assessing punishment, entered pursuant to plea
agreements, after deferred adjudication probation has been revoked. Watson v. State, 924
S.W.2d 711, 713-14 (Tex. Crim. App. 1996). A challenge to the voluntariness of a plea is
not an exception to the special notice requirements of rule 25.2(b)(3). Cooper v. State, 45
S.W.3d 77, 83 (Tex. Crim. App. 2001). In this case, appellant's notice of appeal does not
specify that the appeal is for jurisdictional defects, from a ruling on a pre-trial motion, or
that the trial court granted appellant permission to appeal. See White v. State, 61 S.W.3d
424, 426-29 (Tex. Crim. App. 2001).

 Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full
examination of all the proceeding[s] to decide whether the case is wholly frivolous." 
Penson v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the appellate record
and counsel's brief, find nothing in the record that might arguably support the appeal, and
agree with appellant's counsel that the appeal is wholly frivolous and without merit. See
Stafford, 813 S.W.2d at 511.

 We conclude we are without jurisdiction to consider this appeal. We dismiss this
appeal for want of jurisdiction.

B. Counsel's Motion to Withdraw


 In accordance with Anders, appellant's attorney has asked permission to withdraw
as counsel for appellant. See Anders, 386 U.S. at 744. We grant the attorney's motion
to withdraw. We order appellant's attorney to notify appellant of the disposition of this
appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997).


 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

25th day of July, 2002.