No. 04-02-00519-CR



Jeffery Scott HENRICHSEN,


Appellant



v.



The STATE of Texas,


Appellee




From the 23rd Judicial District Court, Brazoria County, Texas


Trial Court No. 39,030


Honorable Robert E. May, Judge Presiding



PER CURIAM


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: August 28, 2002


DISMISSED FOR LACK OF JURISDICTION

 Jeffery Scott Henrichsen pled guilty to a state jail felony and, pursuant to his plea bargain
agreement, Henrichsen was placed on deferred adjudication community supervision. Henrichsen was
later adjudicated guilty and sentenced to two years confinement in the Texas Department of Criminal
Justice - State Jail Division. Henrichsen filed a general notice of appeal. 

 To invoke the court's jurisdiction over this appeal, Rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure requires that the notice of appeal state the appeal is from a jurisdictional defect,
the substance of the appeal was raised by written motion and ruled on before trial, or the trial court
granted permission to appeal. Tex. R. App. P. 25.2(b)(3); Young v. State, 8 S.W.3d 656, 666-67 (Tex.
Crim. App. 2000); Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996); see State v.
Riewe, 13 S.W.3d 408 (Tex. Crim. App. 2000). Appellant's general notice of appeal did not meet any
of these conditions.

 Further, article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides that in
a case involving a deferred adjudication, no appeal may be taken from the trial court's decision to
proceed to adjudication of guilt. Tex. Code Crim. Proc. Ann. art. 42.12 §5(b) (Vernon Supp.
2000); see Connolly v. State, 983 S.W.2d 738, 740-41 (Tex. Crim. App. 1999). Additionally, after
adjudication, this court does not have jurisdiction to review any issues relating to the original order
deferring adjudication except for a claim that the original order is void. Nix v. State, 65 S.W.3d 664
(Tex. Crim. App. 2001). 

 Because Henrichsen's general notice of appeal did not meet any of the requirements of Rule
25.2(b)(3), this court only has jurisdiction to consider issues relating to: (1) the process by which the
appellant was sentenced; or (3) whether the original judgment deferring adjudication is void. See Nix
v. State, 65 S.W.3d 664 (Tex. Crim. App. 2001); White v. State, 61 S.W.3d 424 (Tex. Crim. App.
2001); Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App. 2001); Cooper v. State, 45 S.W.3d 77
(Tex. Crim. App. 2001).

 Given the jurisdictional limits on Henrichsen's appeal, we ordered his appointed appellate
counsel to submit a letter identifying the issues to be raised on appeal and explaining how this court
had jurisdiction to consider those issues. We advised counsel that failure to adequately respond may
result in dismissal of the appeal. See Tex. R. App. P. 44.3. 

 Counsel failed to respond. Accordingly, we dismiss this appeal for lack of jurisdiction. 

 PER CURIAM

Do not publish