Dismissed and Opinion filed September 26, 2002









Dismissed and Opinion filed September 26, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00859-CR

____________

 

PHILLIP RANDALL KINCHEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
253rd District Court

Chambers
County, Texas

Trial Court Cause
No. 11,842

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
entered a plea of guilty to possession of a controlled substance on August 2,
2002.  In accordance with the terms of a
plea bargain agreement with the State, the trial court deferred an adjudication
of guilt and placed appellant on community supervision for  six years.  Appellant filed a notice of appeal from the
order deferring adjudication of guilt.  See
Manuel v. State, 994 S.W.2d 658, 661‑62 (Tex. Crim. App. 1999). 
Because we have no jurisdiction over this appeal, we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428 (Tex. Crim.
App. 2001).  Rule 25.2(b)(3) of
the Texas Rules of Appellate Procedure provides that when an appeal is from a
judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a jurisdictional
defect; (2) specify that the substance of the appeal was raised by written
motion and ruled on before trial; or (3) state that the trial court granted
permission to appeal.  Tex. R. App. P. 25.2(b)(3).  

The
requirements of Rule 25.2(b)(3) apply to a defendant
who plea bargains for deferred adjudication. 
See Vidaurri v. State, 49 S.W.3d 880,
883 (Tex. Crim. App. 2001); Brown v. State,
943 S.W.2d 35, 41 (Tex. Crim. App. 1997); Watson
v. State, 924 S.W.2d 711, 714‑15 (Tex. Crim.
App. 1996).  Appellant filed a timely
general notice of appeal that did not comply with the requirements of Rule
25.2(b)(3).  The
time for filing a proper notice of appeal has expired; thus, appellant may not
file an amended notice of appeal to correct jurisdictional defects.  State v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim.
App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).  

Accordingly,
we dismiss the appeal for want of jurisdiction. 


PER CURIAM

 

 

Judgment rendered and Opinion filed September 26,
2002.

Panel consists of Chief Justice Brister
and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.3(b).