# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00493-CR

**Edmund Kahookele, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 945141, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## O P I N I O N

In May 1995, appellant Edmund Kahookele pleaded no contest to engaging in organized criminal activity by conspiring during the months of May through July 1993 to commit burglary of a building and theft of more than $20,000. *See* Tex. Pen. Code Ann. § 71.02 (West Supp. 2004-05).[1] As called for in a plea bargain agreement, the district court deferred adjudication of guilt and placed Kahookele on community supervision for ten years. In July 2004, the court adjudicated Kahookele guilty and imposed a twenty-year prison sentence.[2] This appeal followed.

---

[1] Amendments to section 71.02 since the crime was committed are immaterial to this cause, and we cite the current statute for convenience.

[2] The offense was a second-degree felony at the time it was committed. *See* Tex. Pen. Code Ann. § 71.02(c) (West Supp. 2004-05); Penal Code, 63d Leg., R.S., ch. 399, § 1, sec. 30.02(c), 1973 Tex. Gen. Laws 883, 927 (since amended) (current version at Tex. Pen. Code Ann. § 30.02(c)(1)); Act of May 23, 1991, 72d Leg., R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2003, 2003 (since amended) (current version at Tex. Pen. Code Ann. § 31.03(e)(5)).

In a single point of error, Kahookele contends that the twenty-year sentence constitutes cruel and unusual punishment. The State responds that Texas Rule of Appellate Procedure 25.2(a)(2) bars Kahookele from raising this issue, that the trial court's certification that Kahookele has the right of appeal is defective, and that the appeal must be dismissed.

Rule 25.2(a)(2) provides, in part:

> In a plea bargain case—that is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

Tex. R. App. P. 25.2(a)(2). The rule also requires the trial court to "enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. *Id*.[3] The certification should be part of the record when notice of appeal is filed. Tex. R. App. P. 25.2(d). The court of criminal appeals has promulgated a form to be used for certifying the defendant's right of appeal. Tex. R. App. P. appendix.[4]

---

[3]     The certification requirement applies to plea bargain cases, but is not limited to plea bargain cases.

[4]     The certification form can be found in the notes and comments following rule 25.2. Tex. R. App. P. 25.2 (West 2003). The form requires the trial court to certify that the case (1) "is not a plea-bargain case, and the defendant has the right of appeal," or (2) "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal," or (3) "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal," or (4) "is a plea-bargain case, and the defendant has NO right of appeal," or (5) "the defendant has waived the right of appeal."

In the cause before us, the trial court certified that this is not a plea bargain case and Kahookele has the right of appeal. The State urges that the certification is defective, that this is a plea bargain case, and that Kahookele has no right of appeal.

If a defendant plea bargains for ordinary probation or deferred adjudication, the defendant's right to appeal the conviction or order deferring adjudication, that is, the right of appeal following the original plea proceeding, is obviously limited by rule 25.2(a)(2), and the court of criminal appeals has so held. *Feagin v. State*, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998) (applying predecessor rule).[5] The court also held in *Feagin* that what is now rule 25.2(a)(2) does not apply to an appeal from an order revoking probation. *Id*. Thus, even if a defendant plea bargains for ordinary probation, an appeal from an order revoking that probation is not a plea bargain case.

The issue is not so clear when a defendant bargains for deferred adjudication and then seeks to appeal following an adjudication of guilt. In *Watson v. State*, the court held that such an

---

[5] The roots of rule 25.2(a)(2) go back to 1977. In that year, the legislature added a proviso to Texas Code of Criminal Procedure article 44.02, which broadly grants criminal defendants the right of appeal, under which a defendant who pleaded guilty or no contest and whose punishment was assessed in accordance with a plea bargain agreement had to have the trial court's permission to appeal except as to those matters raised by written motion filed prior to trial. Act of May 23, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, 940-41 (Tex. Code Crim. Proc. Ann. art. 44.02 (West 1979), proviso since repealed). With the adoption of the Texas Rules of Appellate Procedure on September 1, 1986, the article 44.02 proviso was repealed and the limitation on the right of appeal in plea bargain cases was incorporated into appellate rule 40(b)(1). Tex. R. App. P. 40(b)(1) (1986). Rule 40(b)(1) added the requirement that a plea bargaining defendant state in his notice of appeal that the trial court granted permission to appeal or that he intended to appeal matters raised by written motion and ruled on before trial. *Id*. Rule 40(b)(1) became rule 25.2(b)(3) as part of the general revision of the appellate rules effective September 1, 1997. Tex. R. App. P. 25.2(b)(3) (1997). On January 1, 2003, rule 25.2 was revised into its present form, dropping the notice requirement and adopting the certification requirement. Our interpretation of the current rule is informed by the opinions applying the predecessor rules. *See Woods v. State*, 68 S.W.3d 667, 669 n.6 (Tex. Crim. App. 2002).

appeal was a plea bargain case—that is, the limitation on the right of appeal arising from the initial plea bargain carries over to the appeal following adjudication—because "the trial judge does not exceed [the original punishment] recommendation if, upon proceeding to adjudication of guilt, he later assesses any punishment within the range allowed by law." 924 S.W.2d 711, 714 (Tex. Crim. App. 1996) (applying predecessor rule). But in a later opinion, the court concluded that the *Watson* holding had been "narrowed" by two subsequent opinions. *Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001). These two opinions were *Feagin*, 967 S.W.2d at 419, which held that an appeal from an ordinary probation revocation is not a plea bargain case, and *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999), which held that a defendant appealing from an adjudication of guilt was not entitled to raise issues relating to his original plea proceeding. The *Vidaurri* court explained:

> *Watson* broadly held that when a defendant pleads guilty or nolo contendere and is sentenced in accordance with a plea bargain agreement, appeal from his subsequent adjudication of guilt is subject to the restrictions of [present rule 25.2(a)(2)]. . . . *Watson* did not contemplate that there might be a difference in the nature of the issues appealed after adjudication of guilt. *Feagin* distinguished between appeals of issues relating to the conviction and appeals regarding issues separate from the conviction, holding that only the former are limited by [present rule 25.2(a)(2)].
>
> . . . .
>
> Read in conjunction, *Feagin* and *Manuel* define more narrowly than *Watson* the issues on which and the circumstances in which a defendant may appeal in the context of deferred adjudication and the subsequent adjudication of guilt. *Watson* is disavowed to the extent it conflicts with these later cases. We note, however, that *Watson* still stands for the proposition . . . that "when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law."

In the case before us, appellant attempted to appeal a claim that he was denied a separate punishment hearing after the trial judge adjudicated him guilty. . . . [A]ppellant's claim that he was deprived of a separate punishment hearing does not challenge his conviction, it challenges the process by which he was sentenced, an issue "unrelated to [his] conviction." *Feagin*, 967 S.W.2d at 419. Therefore, the Rule 25.2(b)(3) limitations do not apply to appellant's claim and the Court of Appeals erred in finding that it lacked jurisdiction to consider appellant's claim.

49 S.W.3d at 884-85 (quoting *Watson*, 924 S.W.2d at 714) (citations omitted) (applying predecessor rule); *and see Kirtley v. State*, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001) (claim of ineffective assistance of counsel at punishment hearing following adjudication of guilt was unrelated to conviction).

More recently, the court of criminal appeals held that rule 25.2(b)(3), the immediate predecessor to present rule 25.2(a)(2), "controls an appeal, made either before or after an adjudication of guilt, by a defendant placed on deferred adjudication who challenges an issue relating to his conviction." *Woods v. State*, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (citing *Watson* and *Vidaurri*). Because Woods raised an issue related to her conviction and she did not have the trial court's permission to appeal, the court concluded that the appeal was a plea bargain case and the court of appeals did not have jurisdiction. *Id*. at 670.

Under *Vidaurri* and *Woods*, a defendant who bargains for deferred adjudication and is later adjudicated guilty following a hearing on the State's motion has a conditional right of appeal. That is, the defendant may not appeal issues related to the conviction (except with the trial court's permission) but may appeal issues unrelated to the conviction. This complicates the trial court's task of certifying the defendant's right of appeal. The purpose of the certification requirement is to identify appealable and non-appealable cases at an early stage. *Greenwell v. Court of Appeals*, No.

5

AP-75,017, 2005 Tex. Crim. App. LEXIS 217, at *7 (Tex. Crim. App. Feb. 9, 2005); *Dears v. State*, 154 S.W.3d 610, 615 (Keller, P.J., dissenting). To this end, the trial court must certify the right of appeal at the time sentence is imposed and no later than the time notice of appeal is given. Tex. R. App. P. 25.2(a)(2), (d). But in appeals governed by *Vidaurri* and *Woods*, the trial court cannot know whether the defendant will raise an issue related or unrelated to the conviction until the defendant's brief is filed. Moreover, the certification form promulgated by the court of criminal appeals tracks the express language of rule 25.2(a)(2) and does not provide for a right of appeal conditioned on whether the defendant raises an issue related or unrelated to the conviction. *See supra* note 4; *and see Carroll v. State*, 119 S.W.3d 838, 840 (Tex. App.—San Antonio 2003, no pet.) (choices on prescribed certification form do not apply to defendant who after adjudication challenges issue unrelated to conviction).

At the time it was required to certify Kahookele's right of appeal, the trial court could not accurately certify that this was a plea bargain case and that he had no right of appeal because Kahookele had the right to appeal issues unrelated to his conviction.[6] Under the circumstances, the court did not err by choosing the option that preserved Kahookele's right of appeal.[7]

The question remains, however, whether Kahookele's contention that his sentence is cruel and unusual is an issue relating to his conviction, and thus is outside the scope of his right

---

[6] Sentence was imposed on July 14, 2004, Kahookele's notice of appeal was filed on August 10, and the trial court certified Kahookele's right of appeal on August 26. Kahookele's brief was filed on December 30. The State filed its brief on April 1, 2005, followed by its motion to dismiss on April 7.

[7] We agree with the State that it would be pointless at this stage of the appeal to order the trial court to file a new certification based on the issue actually raised in Kahookele's brief.

6

of appeal under *Vidaurri* and *Woods*. We conclude that it is. The sentence is a part of the judgment of conviction. Tex. Code Crim. Proc. Ann. art. 42.02 (West Supp. 2004-05). As the court of criminal appeals has repeatedly held, the trial court did not exceed the prosecutor's plea bargained recommendation of deferred adjudication when, after proceeding to an adjudication of guilt, it imposed a punishment within the range allowed by law. *Woods*, 68 S.W.3d at 669; *Vidaurri*, 49 S.W.2d at 885; *Watson*, 924 S.W.2d at 714. We therefore conclude that Kahookele, who does not have the trial court's permission to appeal, raises an issue relating to his conviction over which this Court does not have jurisdiction.

The State's motion to dismiss the appeal is granted.[8]

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed: May 12, 2005

Publish

---

[8] Kahookele's motion for immediate submission and to strike the State's brief is dismissed.