# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-04-00302-CR

---

**Michael Gee, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 99-871-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In February 2000, appellant Michael Gee pleaded guilty to assaulting a public servant. *See* Tex. Pen. Code Ann. § 22.01(a)(1), (b)(1) (West Supp. 2004-05). As called for in a plea bargain, the court deferred adjudication and placed appellant on community supervision for six years. In April 2004, the court granted the State's motion to adjudicate, adjudged appellant guilty, and sentenced him to five years' imprisonment. In his only point of error, appellant contends that the Honorable Ken Anderson was disqualified from sitting in this cause because he had been the elected district attorney when this cause arose, adjudication was deferred, and the motion to adjudicate was filed.[1] We will affirm the judgment.

---

[1] This is an issue unrelated to the conviction. *See Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); *Kahookele v. State*, No. 03-04-00493-CR, 2005 Tex. App. LEXIS 3580, at *8 (Tex. App.—Austin May 12, 2005, pet. filed).

No judge may sit in a case in which he has been counsel. Tex. Const. art. V, § 11; Tex. Code Crim. Proc. Ann. art. 30.01 (West Supp. 2004-05). These provisions have been held to be mandatory and the disqualification deemed unwaivable. *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987). As applied to former prosecutors, however, a judge is disqualified only if the record affirmatively shows that he *actively participated* in the case before him while a prosecutor. *Id*. at 319. The mere fact that a judge was district attorney while the case was pending does not work as a disqualification if he had noting to do with the prosecution. *Id*. This has been the rule for over a century. *See Utzman v. State*, 24 S.W. 412 (Tex. Crim. App. 1893). *In re K.E.M.*, 89 S.W.3d 814, 828-29 (Tex. App.—Corpus Christi 2002, no pet.), cited by appellant, was a juvenile case governed by the rules of civil procedure, as the court of appeals took pains to point out.

Appellant does not allege that Judge Anderson actively participated in this case while serving as district attorney. Finding no basis in the record for concluding that the judge was disqualified, we overrule the point of error.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: July 13, 2005

Do Not Publish

2