NO. 07-05-0227-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 10, 2005



______________________________


 


ANTHONY RAY MONTOYA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 41,316-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

ABATEMENT AND REMAND


 Pursuant to a plea agreement, on February 7, 2000, appellant Anthony Ray Montoya
was convicted of possession of a controlled substance and punishment was assessed at
ten years confinement and a fine of $2,000. The sentence was suspended and appellant
was placed on community supervision. Upon the State's motion, appellant's community
supervision was revoked and a six-year sentence was imposed. 

 The trial court's certification of defendant's right of appeal contained in the clerk's
record is incomplete. Although signed by the trial court and defense counsel, it does not
indicate whether appellant has a right of appeal. We now abate the appeal and remand
the cause for an amended certification. 

 Upon remand, the trial court shall execute an amended certification of defendant's
right of appeal. The amended certification is to be included in a supplemental clerk's record
to be filed with the Clerk of this Court on or before Friday, September 2, 2005. See
generally Dears v. State, 154 S.W.3d 610, 614 (Tex.Cr.App. 2005) (concluding an appellate
court has the ability to examine a certification for defectiveness and obtain another when
appropriate and that Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure refers only
to guilty pleas and not pleas on revocation motions). See also Kahookele v. State, 165
S.W.3d 440, 442 (Tex.App.-Austin 2005, pet. filed).

 It is so ordered.

 Per Curiam

Do not publish. 



ithin 30 days after the date of this opinion. The
State's brief will be due within 30 days after appellant's brief is filed. See Tex. R. App. P.
38.6(a) and (b). 

 Accordingly, appellant's motion for rehearing is granted and his appeal is reinstated
effective the date of this opinion.

 Per Curiam



Do not publish.