NO. 07-05-0227-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 10, 2005

______________________________

ANTHONY RAY MONTOYA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 41,316-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

ABATEMENT AND REMAND

Pursuant to a plea agreement, on February 7, 2000, appellant Anthony Ray Montoya was convicted of possession of a controlled substance and punishment was assessed at ten years confinement and a fine of $2,000.  The sentence was suspended and appellant was placed on community supervision.  Upon the State’s motion, appellant’s community supervision was revoked and a six-year sentence was imposed. 

The trial court’s certification of defendant’s right of appeal contained in the clerk’s record is incomplete.  Although signed by the trial court and defense counsel, it does not indicate whether appellant has a right of appeal.  We now abate the appeal and remand the cause for an amended certification.  

Upon remand, the trial court shall execute an amended certification of defendant’s right of appeal.  The amended certification is to be included in a supplemental clerk’s record to be filed with the Clerk of this Court on or before Friday, September 2, 2005.  
See
 
generally
 Dears v. State, 154 S.W.3d 610, 614 (Tex.Cr.App. 2005) (concluding an appellate court has the ability to examine a certification for defectiveness and obtain another when appropriate and that Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure refers only to guilty pleas and not pleas on revocation motions).  
See also
 Kahookele v. State, 165 S.W.3d 440, 442 (Tex.App.–Austin 2005, pet. filed).

It is so ordered.

Per Curiam

Do not publish.