Affirmed and Memorandum Opinion filed January 5, 2006









Affirmed
and Memorandum Opinion filed January 5, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00374-CR

____________

 

PAUL EUGENE MILLS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 991,921

 



 

M E M O R A N D U M  O P I N I O N








Appellant, Paul Eugene Mills, was indicted
for the offense of indecency with a child. 
On October 18, 2004, appellant pled guilty and entered into a plea
bargain in which the State recommended deferred adjudication with six years of
community supervision.  On November 5,
20045, the trial court signed an order deferring adjudication of guilt and
placing appellant on community supervision for six years.  The State subsequently moved to adjudicate
and, on March 3, 2005, appellant signed a stipulation of evidence, agreeing
that he had committed a violation of the conditions of his community
supervision.  On March 3, 2005, the trial
judge entered a judgment of conviction and sentenced appellant to six years= imprisonment in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant raises six issues.  We affirm.

The clerk=s record was filed
on April 27, 2005.  The record containsed
the trial court=s certification of appellant=s right to appeal,
which indicated that this was a plea bargain case and that appellant had no
right of appeal.  The Court of Criminal Appeals has
held there is a limited right of appeal in cases such as this.  In Vidaurri v. State, 49 S.W.3d 880,
885 (Tex. Crim. App. 2001), the court held that, even when a defendant has pled
guilty pursuant to a plea bargain and received deferred adjudication, there is
a limited right of appeal after adjudication where the issue raised on appeal
is unrelated to the conviction. 
Furthermore, in Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim.
App. 2005), the Court of Criminal Appeals held that an agreed recommendation in
return for a plea of true on revocation does not fall within the language of
Rule 25.2, and is therefore, not a plea bargain under Rule 25.2.  Accordingly, we found the trial court=s certification to be incorrect and
we asked the trial judge to file a corrected certification of the appellant=s right to
appeal.  On May 24, 2005, a supplemental
clerk=s record was
filed, containing a new certification, which indicated that appellant had
waived the right of appeal.








In its brief, the State asserts that we
must dismiss this appeal because the trial court has certified that appellant
waived his right of appeal.  We
disagree.  The record shows that appellant pled guilty in return
for the State=s recommendation of deferred
adjudication community service.  When the
defendant waived the right to appeal in the initial plea bargain for deferred
adjudication, he could not have known with certainty the punishment that would
be assessed upon adjudication of guilt. 
Accordingly, the waiver of the right to appeal in this case is not
binding.  See Ex parte Thomas, 545
S.W.2d 469, 470 (Tex. Crim. App. 1977).[1]  Additionally, the defendant did not waive the
right to appeal when he pled true to the State=s stipulation of evidence during
adjudication of guilt.  Accordingly,
there is no valid waiver of the right to appeal.  Because we find the trial court=s certification of
appellant=s right of appeal is incorrect, we address
the complaints raised in appellant=s brief.

In points of error one and two, appellant
claims the trial court=s judgment and sentence violate appellant=s constitutional
right to compulsory process because, after the trial court accepteding
appellant=s plea, the State was required to produce
evidence of appellant=s guilt and appellant was not entitled to
put on any evidence.  In points of error
three and four, appellant claims the trial court erred in proceeding to
judgment where the record is silent as to waiver of appellant=s constitutional
right to compulsory process. 

Points of error one and two, and possibly,
three and four, concern appellant=s plea of guilty
before he was placed on deferred adjudication probation.  Appellant did not appeal the order placing
him on deferred adjudication.  A
defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding, such as evidentiary
sufficiency, only in appeals taken when deferred adjudication community
supervision is first imposed.  Manuel
v. State, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999).  Because appellant did not appeal the original
plea proceeding in which[???] deferred adjudication community supervision was
first imposed, he may not raise these issues now.     








To the extent points of error three and
four concern the adjudication of guilt, appellant may not raise them.  In Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim.
App. 2001), the court held that, even when a defendant has pled guilty pursuant
to a plea bargain and received deferred adjudication, there is a limited right
of appeal after adjudication where the issue raised on appeal is unrelated to
the conviction.  In Vidaurri, the
issue raised on appeal concerned the process by which the defendant was
sentenced and the court found this issue was unrelated to his conviction.  Appellant=s complaints are
related to his conviction, not to the process by which defendant was
sentenced.  Accordingly, appellant does
not have the right to raise these claims. 
We overrule points of error one through four.

In points of error five and six, appellant
claims the punishment imposed was not proportional to the offense committed and
therefore, violated the Eighth and Fourteenth Amendments= ban against cruel
and unusual punishment and the Texas Constitution=s ban against
cruel and unusual punishment.  The Austin Court of Appeals has held
that a claim of cruel and unusual punishment is an issue relating to the
conviction and is outside the scope of issues a plea-bargaining defendant may
raise after adjudication of guilt.  Kahookele
v. State, 165 S.W.3d 440, 444 (Tex. App.BAustin 2005, pet. filed).  The majority of courts of appeals,
however, have either not discussed whether this issue is within the scope of
appealable issues, or have found this issue to be unrelated to the
conviction.  See, e.g., Finister v.
State, 2003 WL 1922588, at *2 (Tex. App.BHouston [14th
Dist.] Apr. 28, 2003, pet. ref=d)(addressing
issue of cruel and unusual punishment in deferred adjudication case because no
clear authority supports assertion that this issue is related to the
conviction); Foy v. State, 2002 WL 31682219, at *1 (Tex. App.BHouston [1st
Dist.] Nov. 27, 2002, no pet.)(complaint of cruel and unusual punishment
concerns a matter unrelated to conviction)(not designated for publication); Nunez
v. State, 110 S.W.3d 681, 682 (Tex. App.BCorpus Christi
2003, no pet.)(addressing issue of cruel and unusual punishment without noting
whether it is an issue related to the conviction).  Accordingly, we address the merits of this
issue.   








Appellant failed to raise an objection in
the trial court that the sentence was cruel and unusual and thus, has failed to
preserve error.  See Tex. R. App. P. 33.1(a), Schneider
v. State, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983).  Furthermore, punishment is not cruel and unusual
if it falls within the statutorily prescribed limits.  McNew v. State, 608 S.W.2d 166, 174
(Tex. Crim. App. 1978).  The offense of
which appellant was convicted is a third degree felony.  Tex.
Pen. Code Ann. ' 21.11(d) (Vernon 2003).  The statutory range of punishment for a third
degree felony is not more than ten years or less than two years.  Tex.
Pen. Code Ann. ' 12.34(a) (Vernon 2003).  Appellant=s sentence falls
within the statutory range of punishment. 
Accordingly, we overrule appellant=s fifth and sixth
points of error.

We affirm the judgment of the trial
court.  

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed January 5, 2006.

Panel consists of Justices Hudson,
Frost, and Seymore.

Do Not Publish C Tex. R. App.
P. 47.2(b).

 











[1]  The Texarkana
Court of Appeals held in Littleton v. State, 33 S.W.3d 41, 43 (Tex. App.BTexarkana 2000, pet ref=d) that Thomas
was overruled by Blanco v. State, 18 S.W.3d 218 (Tex. Crim. App. 2000),
however, that is not correct.  The Blanco
court merely found Thomas factually distinguishable.  Blanco, 18 S.W.3d at 219-20.  In Blanco, the appellant knew what his
punishment would be when the trial court accepted his plea.  Id. at 219.  That is not true in our case.  Furthermore, the Court of Criminal Appeals
has observed that, in determining whether defendants are bound by their waivers
of appeal, a court first must first determine whether the waiver is valid,
which requires finding that the waiver was knowingly, voluntarily, and
intelligently made.  Monreal v. State,
99 S.W.3d 615, 621 (Tex. Crim. App. 
2003).  Because appellant in this
case was not aware of the sentence that would be imposed after adjudication of
guilt, his waiver of appeal could not have been knowingly and intelligently
made.