**Edmund KAHOOKELE, Appellant**

v.

**The STATE of Texas.**

**No. PD–0794–05.**

Court of Criminal Appeals of Texas, En Banc.

April 12, 2006.

---

Richard E. Wetzel, Austin, for Appellant.

Ronald Earle, District Attorney, Matthew Paul, State's Attorney, Austin, for State.

### OPINION

PER CURIAM.

Appellant plead guilty to engaging in organized criminal activity and was placed on deferred adjudication community supervision. The trial court later revoked his community supervision, adjudicated him guilty, and sentenced him to confinement for twenty years in the institutional division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. The trial court certified that this was not a plea bargain case and the defendant had the right to appeal. The court of appeals dismissed the appeal for want of jurisdiction. *Kahookele v. State,* 165 S.W.3d 440(Tex.App.-Austin, 2005). Appellant petitioned this court for discretionary review asserting that the court of appeals erred when it determined that it lacked jurisdiction to review this matter and dismissed the appeal.

The court of appeals held that the issue raised by Appellant, cruel and unusual punishment, is an issue relating to the conviction, and thus is outside the scope of the right of appeal under *Vidaurri* and *Woods. Vidaurri v. State,* 49 S.W.3d 880 (Tex.Crim.App.2001); *Woods v. State,* 68 S.W.3d 667 (Tex.Crim.App.2002). The court of appeals accordingly dismissed the appeal for want of jurisdiction.

In light of our recent decision in *Hargesheimer v. State,* 182 S.W.3d 906 (Tex. Crim.App., 2006), we will remand this case to the Court of Appeals. In *Hargesheimer* we addressed the relationship between Rule 25.2(a)(2) and Art. 42.12, § 5(b). We held that when a defendant appeals from an adjudication proceeding under Art. 42.12, § 5(b), Rule 25.2(a)(2) will not restrict appeal; although we also noted that Art. 42.12, § 5(b) will still prohibit the appeal of the trial court's decision to adjudicate guilt. *Id.* at 913. The Court of Appeals in the instant case did not have the benefit of our opinion in *Hargesheimer.* Accordingly, we grant review of Appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand the case to that court in light of our decision in *Hargesheimer.*