# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-04-00493-CR

**Edmund Kahookele, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 945141, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In May 1995, appellant Edmund Kahookele pleaded no contest to engaging in organized criminal activity by conspiring during the months of May through July 1993 to commit burglary of a building and theft of more than $20,000. *See* Tex. Pen. Code Ann. § 71.02 (West Supp. 2005). As called for in a plea bargain agreement, the district court deferred adjudication of guilty and placed Kahookele on community supervision for ten years. In July 2004, the court adjudicated Kahookele guilty and imposed a twenty-year prison sentence.[1] This appeal followed. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006).

---

[1] As noted on original submission, the offense was a second-degree felony when it was committed. *Kahookele v. State*, 165 S.W.3d 440, 441 n.2 (Tex. App.—Austin), *vacated and remanded*, No. PD-0794-05, 2006 Tex. Crim. App. LEXIS 757 (Tex. Crim. App. Apr. 12, 2006).

In his only point of error, Kahookele contends that the twenty-year sentence constitutes cruel and unusual punishment because he had served over nine years of the ten-year probationary period, he was incarcerated for over seven years during that time, and the legislature has since reduced the maximum punishment for his crime to ten years. He did not expressly raise this issue in the trial court. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding cruel and unusual punishment contention waived by failure to object at trial). In any case, it is the general rule that if the punishment assessed is within the range prescribed by the legislature, it is not cruel and unusual. *Samuel v. State*, 477 S.W.2d 611614-15 (Tex. Crim. App. 1972). Kahookele's arguments should have been addressed to the trial court, which had the discretion to assess punishment within the statutory range.

The punishment assessed is not cruel and unusual. The point of error is overruled and the judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: June 9, 2006

Do Not Publish

2